UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIKY SARAI FLORES BENITEZ, | : | |
| ANA DELMI BENITEZ ALVARADO, | | |
| JAVIN BENIGNO SANTOS GALVEZ, | : | Civ. No. 3:22CV884(JCH) |
| and J.S.R., a minor, | | |
| | : | |
| Plaintiffs, | | |
| | : | |
| v. | : | |
| | | |
| STEPHEN MILLER, | : | |
| JEFFERSON B. SESSIONS, | | |
| KIRSTJEN NIELSEN, | : | |
| KEVIN McALEENAN, and | | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | | OCTOBER 28, 2022 |

## NOTICE OF SUBSTITUTION

Please take notice that under 28 U.S.C. § 2679(b) (the "Westfall Act"), the United States of America is substituted for Defendants Stephen Miller, Jefferson B. Sessions, Kristjen Nielsen, and Kevin McAleenan, ("Individual Defendants") in this civil action. The grounds for this substitution are as follows:

1. In Claim 1 of the Complaint, Plaintiffs allege that the Individual Defendants violated the law of nations or a treaty of the United States while employed by the United States and that Plaintiffs were damaged by the Individual Defendants' actions. *See* Compl. ¶¶ 200-214.

2. Claim 1 alleges that the Individual Defendants' issuance and implementation of certain prosecutorial and immigration policies constituted torture and inhumane treatment under customary international law. *Id.*

3. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (the "FTCA"), as amended by the Westfall Act, provides that where an individual claims that federal employees damaged him or her through their negligent or wrongful acts or omissions taken within the scope of their office or employment, a suit against the United States shall be the exclusive remedy for that individual's claim. 28 U.S.C. § 2679(b)(1). There are two exceptions to this exclusivity provision. 28 U.S.C. § 2679(b)(2). Neither exception applies to claims for violations of customary international law. Therefore, Plaintiffs' claim for such a violation falls within the exclusive remedy provision.

4. Under the Westfall Act, where the Attorney General of the United States certifies that a federal employee was acting within the scope of his or her office or employment at the time of the incident giving rise to the claim against the employee, that claim shall be deemed an action against the United States, and the United States shall be substituted as sole defendant for that claim. 28 U.S.C. §§ 2679(d)(1)-(2). The United States Attorney's authority under 28 C.F.R. § 15.4 to make scope of employment certifications under 28 U.S.C. § 2679(d)(1) has, in turn, been delegated to the Chief of the Civil Division.

5. Michelle L. McConaghy, Chief, Civil Division, United States Attorney's Office for the District of Connecticut, certified that at the time of the conduct alleged in Plaintiff's complaint, each Individual Defendant was acting within the scope of his or her federal employment. *See* Ex. 1, Certification re Stephen Miller; Ex. 2, Certification re Jefferson Sessions; Ex. 3, Certification re Kristjen Nielsen; Ex. 4 Certification re Kevin McAleenan.

6. The Individual Defendants are named as defendants in only Claim 1 of the Complaint. Claim 2 is pleaded against the United States only. Compl. ¶¶ 215-239.

7. For these reasons, the United States has, by operation of law, been substituted as the sole defendant with respect to all of Plaintiffs' claims. The Court is respectfully referred to the Certifications filed along with this Notice.

    Respectfully submitted,

    VANESSA ROBERTS AVERY
    UNITED STATES ATTORNEY

    */s/ Carolyn A. Ikari*

    CAROLYN A. IKARI
    ASSISTANT U.S. ATTORNEY
    450 Main Street, Rm. 328
    Hartford, Connecticut  06103
    (860) 947-1101
    Fed. Bar No. ct13437
    carolyn.ikari@usdoj.gov