UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIKY SARAI FLORES BENITEZ, ANA DELMI BENITEZ ALVARADO, JAVIN BENIGNO SANTOS GALVEZ, and J.S.R., a minor,<br><br>*Plaintiffs,*<br><br>v.<br><br>STEPHEN MILLER, JEFFERSON B. SESSIONS, KIRSTJEN NIELSEN, KEVIN McALEENAN, and UNITED STATES OF AMERICA,<br><br>*Defendants.* | Case No. 3:22-cv-00884 (JCH) |

## RESPONSE TO DEFENDANTS' NOTICE

Plaintiffs appreciate Defendants' willingness to produce Common Discovery, *see* Notice, ECF No. 31, as they have done twice in parallel litigation, and maintain that the efficient and orderly progression of the present case will benefit from the parties engaging in discovery here similarly to how the government and plaintiffs have done in *P.G. v. United States*, No. 21-cv-04457 (N.D. Cal. June 7, 2022).[1] However, Defendants' proposal deviates from its prior agreement with plaintiffs in *P.G.* in two material respects. First, Defendants propose to condition their production of Common Discovery on a stay of discovery pending a decision on their Motion to Dismiss, ECF No. 32. Second, Defendants seek to further condition the production of Common Discovery on Plaintiffs having to justify their need for additional policy-level

---

[1] Common Discovery refers to all documents to date produced in *A.P.F. v. United States*, No. 20-cv-00065-PHX (D. Ariz.), and *C.M. v. United States,* No. 19-cv-05217-PHX (D. Ariz.) that are not specific to the plaintiffs in those cases. The government subsequently agreed to produce Common Discovery in *P.G. v. United States*, No. 21-cv-04457 (N.D. Cal. June 7, 2022). *See* Joint Case Management Statement and [Proposed] Order, attached hereto as Exhibit A.

1

discovery on grounds beyond those provided by Federal Rule of Civil Procedure 26(b)(1).[2] Neither condition was a term of the parties' agreement in *P.G.,* where Common Discovery effectively was treated as an expanded form of initial disclosure and not a substitute for discovery. Plaintiffs reject both conditions because they are inconsistent with this Court's Standing Order, unnecessarily delay discovery, and impose additional limitations on Plaintiffs' discovery rights without justification.

To reach a compromise workable for both parties and the Court, on October 24, 2022, Plaintiffs made the following proposal to Defendants: (1) Defendants will produce Common Discovery in four weeks, (2) policy-level discovery is stayed for 90 days from date of production of the Common Discovery, and (3) Plaintiff-specific discovery is stayed for four weeks, i.e., until the anticipated production of Common Discovery.[3] On October 25, 2022, Defendants responded that they were unwilling to negotiate *any* of the terms of their Notice. Plaintiffs respectfully request that the Court adopt their proposal.

---

[2] Defendants stated, "the United States is still willing to produce the common discovery at this time if, in the event additional common discovery is sought in this case and permitted by the Court, the future Requests for Production are narrowly tailored, pertain to issues specific to this case and not present in *C.M.* and *A.P.F.*, and justified by Plaintiffs' demonstration of why the initial common discovery production is insufficient." ECF 31 at 2.

[3] Plaintiffs agree that any discovery would not begin until the Court's entry of the Protective Order, ESI Protocol, and Rule 502(d) Order. Although Defendants have presented these orders as "not subject to negotiation" because they are the orders governing common discovery in *A.P.F.* and *C.M.*, Plaintiffs raise two issues concerning Defendants' proposed protective order. First, the *A.P.F.* order contains the following language that Defendants have removed from the protective order presented to Plaintiffs: "Any information or documents obtained in this litigation by a Party that would otherwise be protected under HIPAA, the Privacy Act, or FERPA must be treated by that Party as confidential and designated as such;" Plaintiffs wish to have this language added back into Defendants' proposed protective order. Second, in *P.G.,* the parties agreed to the following term regarding challenging confidential information designations: "The burden of persuasion in any such challenge proceeding shall be on the Designating Party." To remain consistent with terms that the government has agreed to in similar cases, Plaintiffs request that this term is also inserted into Defendants' proposed protective order. Plaintiffs have communicated these concerns to Defendants. On October 1, 2022, Defendants agreed to add the provision regarding HIPAA, the Privacy Act, and FERPA documents to their proposed protective order. Defendants declined to include in their protective order the language about the burden of persuasion. Plaintiffs' proposed protective order, containing these two terms, is attached as Exhibit B.

### Plaintiffs Object to Defendants' Demand for A Stay of Discovery

Defendants propose to produce a finite number of documents it has already collected, Bates-stamped, screened for privilege, and determined to be directly related to policies at issue in this litigation[4]—but only if Plaintiffs agree to a stay of discovery to which Defendants are not otherwise entitled. This approach is inconsistent with this Court's Standing Order and the agreement the government entered into in *P.G.* Moreover, it delays discovery without cause.

There is no reason to deviate from this Court's procedure of allowing discovery to proceed notwithstanding the filing of a motion to dismiss. *See* Order on Pretrial Deadlines 1, ECF No. 3 ("The filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery."). As discussed in the Conference on October 13, 2022, Defendants fail on all three factors this Court applies to determine if good cause exists for a stay of discovery. *See Lithgow v. Edelmann,* 247 F.R.D. 61, 62 (D. Conn. 2007) (enumerating factors as (1) the strength of the dispositive motion, (2) the breadth of discovery sought, and (3) the prejudice a stay would have on the non-moving party). First, the government's Motion to Dismiss raises virtually identical arguments to those the government has raised and lost on motions to dismiss in other cases. *Compare* Memorandum of Law in Support of Motion to Dismiss, ECF No. 35, *with* Memorandum of Law in Support of Defendants' Motion to Dismiss

---

[4] As stated by the parties in *P.G.*, the policy-level documents to be produced by the government concern:

- The creation, development and implementation of the Zero-Tolerance policy (with particular emphasis on application of the Zero-Tolerance policy to adults traveling with family units)
- Designation of children as UCs when being separated from a parent while in Border Patrol custody
- ORR placement of UCs after being separated from a parent while in Border Patrol custody
- Tracking of UCs and establishing communication with parents after being separated
- Policies or procedures of CBP, ICE and HHS concerning separation, detention during separation, or reunification

Joint Case Management Statement and Proposed Order, Exh. A at 5.

the Complaint, *D.J.C.V. v. United States,* No. 20-cv-05747 (S.D.N.Y. Oct. 16, 2020), ECF No. 22. Based on Plaintiffs' review, in the twenty-seven other cases litigating similar claims around the country, thirteen motions to dismiss have been decided, and in all but one case, the motions have been denied wholly or in part.[5] Second, having already conceded the relevance of the Common Discovery in parallel cases raising similar issues, and having already gathered and produced the documents in those matters, Defendants can hardly claim overbreadth here. Furthermore, Plaintiffs have offered to not seek additional policy-level discovery from Defendants for ninety days, and to delay Plaintiff-specific discovery for four weeks. Finally, a stay unnecessarily prevents Plaintiffs from advancing a case that, by the government's own description, involves "'the human tragedy' that occurred because of [Defendants'] Zero Tolerance Policy." Gov. Motion to Dismiss 2, ECF No. 35 (internal citation omitted).

Given that similar claims are being litigated across the country, the production of Common Discovery as a form of early discovery serves the interests of the efficient administration of justice and should not serve as an instrument of delay.

---

[5] Motions to dismiss have been denied in the following family separation lawsuits: *C.M. v. United States*, No. 19-cv-05217 (D. Ariz. Mar. 30, 2020), ECF No. 31; *A.P.F. v. United States*, No. 20-cv-00065 (D. Ariz. July 27, 2020), ECF No. 36; *R.Y.M.R. v. United States*, No. 20-cv-23598 (S.D. Fla. Feb. 5, 2021), ECF No. 23; *Nunez Euceda v. United States*, No. 20-cv-10793 (C.D. Cal. Apr. 27, 2021), ECF No. 20; *P.G. v. United States*, No. 21-cv-04457 (N.D. Cal. May 10, 2022), ECF No. 44; *E.S.M. v. United States*, No. 21-cv-00029 (D. Ariz. Oct. 20, 2022), ECF No. 47.

Additionally, motions to dismiss have been denied in part in the following cases: *A.I.I.L. v. Sessions*, No. 19-cv-00481 (D. Ariz. Mar. 31, 2022), ECF No. 77; *D.J.C.V. v. United States*, No. 20-cv-05747 (S.D.N.Y. June 3, 2022), ECF No. 127; *A.F.P. v. United States*, No. 21-cv-00780 (E.D. Cal. July 12, 2022), ECF No. 27; *F.R. v. United States*, No. 21-cv-00339 (D. Ariz. July 22, 2022), ECF No. 77; *A.E.S.E. v. United States*, No. 21-cv-00569 (D.N.M. Sept. 16, 2022), ECF No. 58; *B.A.D.J. v. United States*, No. 21-cv-00215 (D. Ariz. Sept. 30, 2022), ECF No. 60.

In only one case, *E.L.A. v. United States*, No. 20-cv-01524, (W.D. Wash. June 3, 2022), ECF No. 36, the government's 12(b)(6) partial motion to dismiss against two specific claims was granted; the government did not seek a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

**Plaintiffs Object to Defendants' Demand for a Heightened Discovery Standard**

Plaintiffs also object to Defendants' demand that Plaintiffs justify additional policy-level discovery beyond the requirements of Fed. R. Civ. P. 26(b)(1) once Common Discovery is produced. *See* Gov. Notice 2, ECF No. 31 (requiring that any additional policy-level discovery requests from Plaintiffs are "narrowly tailored, pertain to issues specific to this case and not present in *C.M.* and *A.P.F.*, and justified by Plaintiffs' demonstration of why the initial common discovery production is insufficient."). Plaintiffs expect that future policy-level discovery requests will be significantly narrowed by the Common Discovery, but cannot determine what future requests will be necessary without having first reviewed the Common Discovery. To the extent Defendants are concerned that future discovery requests will be unduly burdensome, they are well protected by the proportionality requirement of Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."). Moreover, if documents in Common Discovery constitute all responsive policy-level documents in the government's possession, custody, or control, then no further productions will be necessary. Plaintiffs therefore object to Defendants' demand that Plaintiffs curtail their right to conduct discovery based on documents they have not yet seen.

For the foregoing reasons, Plaintiffs respectfully request that the Court adopt their compromise proposal and order that following the Court's entry of Plaintiffs' proposed Protective Order, the ESI Protocol, and the proposed Rule 502(d) Order, (1) Defendants produce Common Discovery within four weeks, (2) policy-level discovery is stayed for ninety days from the production of Common Discovery, and (3) Plaintiff-specific discovery is stayed for four weeks, i.e., until the anticipated production of Common Discovery.

Dated November 2, 2022

                                          /s/ Kirby Tyrrell
                                          Kirby Tyrrell phv206703
                                          Muneer I. Ahmad ct28109
                                          JEROME N. FRANK. LEGAL SVCS. ORG.
                                          P.O. Box 902020
                                          New Haven, CT 06520-9090
                                          kirby.tyrrell@ylsclinics.org
                                          muneer.ahmad@ylsclinics.org
                                          (203) 436-8971

                                          *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on November 2, 2022, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s/ Kirby Tyrrell
Kirby Tyrrell, phv206703
JEROME N. FRANK. LEGAL SVCS. ORG.
P.O. Box 902020
New Haven, CT 06520-9090
kirby.tyrrell@ylsclinics.org
(203) 436-8971