# Exhibit A

1 STEPHANIE M. HINDS (CABN 154284)
United States Attorney
2 MICHELLE LO (NYRN 4325163)
Chief, Civil Division
3 KENNETH W. BRAKEBILL (CABN 196696)
Assistant United States Attorney
4
5 450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
6 Telephone: (415) 436-7167
Fax: (415) 436-6748
7 kenneth.brakebill@usdoj.gov

8 Attorneys for Defendant

9 KEKER, VAN NEST & PETERS LLP              LAWYERS' COMMITTEE FOR CIVIL
   BROOK DOOLEY (# 230423)                  RIGHTS OF THE SAN FRANCISCO BAY AREA
10 TRAVIS SILVA (# 295856)                  BREE BERNWANGER - # 331731
   CHRISTOPHER S. SUN (# 308945)            131 Steuart Street #400
11 633 Battery Street                        San Francisco, CA 94105
   San Francisco, CA 94111-1809             Telephone: 415-814-7631
12 Telephone: 415-391-5400
13 Facsimile: 415-397-7188

14 Attorneys for Plaintiffs WILBUR P. G.;
   WILFREDO BALTAZAR P. E., a minor child;
15 ERENDIRA C. M.; YASMIN ALICIA M. C., a
   minor child; JOSHUA G. G.; and KARL LUIS
16 G. G., minor child

17

18

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                          OAKLAND DIVISION

22 | WILBUR P.G., et al.,              ) CASE NO. 4:21-cv-4457-KAW
                                        )
23 |      Plaintiffs,                   )
                                        ) **JOINT CASE MANAGEMENT STATEMENT**
24 |   v.                               ) **AND [PROPOSED] ORDER**
                                        )
25 | UNITED STATES OF AMERICA,          )
                                        )
26 |      Defendant.                    ) Honorable Kandis A. Westmore
                                        )
27 |_____       )

28

JOINT INITIAL CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE 4:21-CV-4457-KAW                              1

The parties to the above-captioned action jointly submit this INITIAL CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9:

**1. Jurisdiction and Service**

Plaintiffs bring this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*. There are no issues regarding personal jurisdiction, venue, or service, known at this time. Defendant has been served.

Defendant asserts that the Court lacks subject-matter jurisdiction for the reason that Congress has not waived the federal government's sovereign immunity from claims for money damages in the circumstances presented in this case.

**2. Facts**

This case concerns three Plaintiff families that entered the United States by crossing from Mexico into Arizona in or around May 2018. *Id*. ¶ 3. Plaintiffs are three pairs of parents and children, totaling six specific individuals: a father and son from El Salvador (using pseudonyms Wilbur P.G. and Wilfredo Baltazar P.E.), one mother and daughter from Guatemala (using pseudonyms Erendira C.M. and Yasmin Alicia M.C.) and one father and son from Guatemala (using pseudonyms Joshua G.G. and Karl Luis G.G.) (collectively "Plaintiffs"). *Id*. ¶¶ 10-12. Plaintiffs allege that "[t]he government forcibly separated these parents and children in CBP's [Customs and Border Protection] Arizona facilities without notice or explanation," and "Plaintiffs then spent weeks detained in different facilities with the government facilitating little to no communication between parents and children." *Id*. ¶ 67.

According to the Complaint, Plaintiffs' separations resulted from the United States' adoption of a "Family-Separation Policy" that "intentionally separate[d] immigrant families [] for the express purpose of causing families emotional harm." ECF No. 1 ¶ 1. Plaintiffs allege that "[t]he policymakers who created and directed the implementation of the Policy sought to 'deter' immigrants, believing that if arriving asylum-seekers were subjected to inhumane treatment—including the severe emotional distress of having their children taken from them—they would 'give up' on their asylum applications and agree to be deported from the United States." *Id*. ¶ 2. Plaintiffs allege that the parents were separated from their children for months, oftentimes without knowing anything about where their children were, and

with the children thinking they would never see their parents again. *Id.* ¶¶ 56-57. Plaintiffs were ultimately reunited after months of detention, but they continue to suffer prolonged effects related to their forcible separation. *Id.* ¶¶ 111-116, 150-152, 194-196.

Defendant admits that in 2018, the United States implemented a Zero-Tolerance policy which directed federal prosecutors along the Southwest border "to the extent practicable, and in consultation with DHS, to adopt immediately a zero-tolerance policy for all offenses referred for prosecution under section 1325(a)." ECF No. 45 ¶¶ 45, 54. Defendant further admits that some families were separated at the United States–Mexico border during the Zero-Tolerance policy, and some children were classified as Unaccompanied Children ("UCs") and transported to Office of Refugee Resettlement ("ORR")-funded care provider facilities. *Id*. ¶ 16, 54. Defendant contends that federal law required that children be placed into ORR custody once the children were classified as UCs. ECF No. 29 at 2:21-3:6, 3:26-4:10. Defendant denies that the Zero-Tolerance policy was a pretext to justify separation of a child from the child's parent. ECF No. 45 ¶ 53. Defendant admits that the three Plaintiff families in this action were separated. *Id*. ¶ 54.

### 3. Legal Issues

Plaintiffs assert five causes of action under Arizona law for intentional infliction of emotional distress, negligence, abuse of process, negligent supervision/breach of fiduciary duty, and loss of consortium arising out of Plaintiffs' separation after crossing into the United States. ECF No. 1 ¶¶ 214-240. Plaintiffs claim that they suffered extreme emotional distress when they were separated, during their separation and after they were reunified. *Id*. ¶ 4. Defendant denies that Plaintiffs are entitled to the requested relief and asserts various defenses, including that Plaintiffs' claims are barred to the extent that they are based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty. ECF No. 45 at 33 ¶ 2.

Accordingly, the parties believe the Court may be called upon to resolve a number of legal issues, including but not limited to: (1) whether Defendant intentionally inflicted emotional distress upon Plaintiffs; (2) whether Defendant breached any duties of care to Plaintiffs that proximately caused them damages; (3) whether Defendant abused judicial process in the conduct of proceedings against Plaintiffs; (4) whether Defendant breached a fiduciary duty in its supervision of, or negligently

supervised, Plaintiff children, thereby proximately causing them damage; (5) whether Plaintiffs suffered a loss of consortium; (6) whether Plaintiffs' claims are barred by the discretionary function exception to the FTCA; (7) whether Plaintiffs' claims are barred by the FTCA's exception for actions taken while reasonably executing the law; and (8) whether Plaintiffs' claims are barred because the challenged government actions have no private-person analogue.

### 4. Motions

On January 5, 2022, Defendant filed a Motion to Transfer; Motion to Dismiss, which the parties fully briefed. ECF Nos. 29, 40, 41. The Court denied Defendant's motions on May 10, 2022. ECF No. 44. The parties have met and conferred and at this time do not have any immediate plans for further motion practice.

### 5. Amendments to the Pleadings

Plaintiffs do not anticipate any amendments to the Complaint.

Defendant averred in its Answer filed on May 24, 2022 that insofar as specific allegations in the Complaint call for an admission or denial in circumstances where the United States is not permitted by law to disclose any information it may have regarding those allegations (*see, e.g.*, 8 U.S.C. § 1376), Defendant denied those allegations but will supplement its Answer upon the execution of privacy waivers from Plaintiffs. ECF 45 at 1 ¶ 4. Counsel for the parties have met and conferred on this issue, and Plaintiffs' counsel is in the process of obtaining these waivers.

### 6. Evidence Preservation

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

### 7. Disclosures

The parties have met and conferred as part of their Rule 26 obligations and agreed as follows. First, the parties will have an initial disclosure exchange on July 1, 2022. Second, the parties agreed to a 90-day document disclosure period ("90-Day Disclosure Period"), commencing on the date of the

Court's initial case management conference, during which the parties will make rolling document disclosures. During the 90-Day Disclosure Period, Defendant will produce: (1) Common Discovery, defined to be all documents that it disclosed or otherwise produced in *A.P.F. et al. v. United States*, Civil Action No. 20-cv-00065-PHX-SRB (D. Ariz.), and *C.M. v. United States*, Civil Action No. 19-cv-05217-PHX SRB (D. Ariz.), that are not specific to the plaintiffs in those two actions, and (2) documents that specifically relate to Plaintiffs in this case. Plaintiffs will produce documents specifically relating to their allegations in this case. In sum, during the 90-Day Disclosure Period, the parties agree to produce documents concerning:

<u>Documents to be produced by Defendant</u>

- The creation, development and implementation of the Zero-Tolerance policy (with particular emphasis on application of the Zero-Tolerance policy to adults traveling with family units)
- Designation of children as UCs when being separated from a parent while in Border Patrol custody
- ORR placement of UCs after being separated from a parent while in Border Patrol custody
- Tracking of UCs and establishing communication with parents after being separated while in Border Patrol custody
- Policies or procedures of CBP, ICE and HHS concerning separation, detention during separation, or reunification
- Each Plaintiff's Alien File ("A-File")
- For each Plaintiff, his/her I-213s, subject activity logs, and any transfer or detention records
- For each child Plaintiff, his/her ORR custody records

<u>Documents to be produced by Plaintiffs</u>
- Any records maintained by each Plaintiff concerning his/her respective apprehensions, detentions, separations, reunifications
- Medical or other records of each Plaintiff concerning his/her alleged emotional distress or other injuries

Disclosure of documents is dependent on the execution of privacy waivers by each Plaintiff and an appropriate protective order.

The parties agree to effectuate service of disclosures electronically between counsel of record for the parties, with any documents exchanged bearing unique bates-stamping numbering on each page.

Documents produced from the *CM* and *APF* litigations will bear the original bates-stamping from productions in those cases.

**8. Discovery**

In their Rule 26(f) meet and confer, the parties discussed the subject of discovery and made the following agreements.

First, the parties agreed upon a discovery plan involving a close of fact discovery in approximately one year, to be followed by a period for expert discovery and then dispositive motions. The parties have agreed to the specific discovery schedule listed in Section 17 below.

Second, the parties agreed that the time period to serve written and/or other discovery under the Federal Rules of Civil Procedure shall commence the day following completion of the 90-Day Disclosure Period. The parties' agreement to the 90-Day Disclosure Period shall not prejudice any party's right to propound discovery requests, nor shall participation in the 90-Day Disclosure Period relieve any party of its obligations under the Federal Rules of Civil Procedure.

Finally, the parties discussed the entry of an appropriate protective order that would permit the parties to make the document disclosures and discovery contemplated by their plan. A significant amount of document discovery has occurred in the *C.M.* and *A.P.F.* cases pending in the District of Arizona, including ESI searches of DHS, CBP, ICE, HHS and DOJ custodians for information relating to the creation, development and implementation of agency policies that resulted in family separations at the United States-Mexico border. These searches were designed to cover national-level policymakers and agency officials and employees who may have been involved operationally in carrying out these policies. Nearly sixty thousand pages of documents were produced pursuant to an extensively-negotiated stipulated protective order entered by the Arizona district court.

Plaintiffs and Defendant propose to use that protective order (and a corollary evidentiary order entered by the Arizona district court) in this case so as to efficiently facilitate disclosures and production in this case. *See* Exhibit A attached hereto (Stipulated Protective Order, *A.P.F. et al. v. United States*, Civil Action No. CV20-00065-PHX-SRB, ECF No. 45); Exhibit B attached hereto (Federal Rule of Evidence 502(e) Order, *C.M. v. United States*, Civil Action No. 2:19-CV-05217-SRB, ECF No. 56). The parties will make two modifications to Exhibit A: (1) to replace the references to the Arizona local rules

(in particular with regard to filing documents under seal) with references to the N.D. Cal local rules, and (2) to modify Exhibit A's Paragraph D(10) to include the following sentence in this District's model protective order: "The burden of persuasion in any such challenge proceeding shall be on the Designating Party." While the parties recognize that there is a Model Protective Order in the Northern District of California, at the Court's request the parties can present a joint or unopposed motion for a protective order explaining the reasons for the modifications to the model order.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Defendant provides this list of pending cases that arise out of separations of non-citizen families at the U.S-Mexico border in 2017 or 2018: *C.M. v. United States*, No. 2:19-cv-05217 (D. Ariz.); *A.P.F. et al. v. United States*, No. CV20-00065-PHX-SRB (D. Ariz.); *D.A. v. United States*, No. 20-cv-3082 (N.D. Ill.); *A.E.S.E. v. United States*, No. 2:21-cv-00569 (D. N.M.); *A.F.P. v. United States*, No. 21-00548 (E.D. Cal.); *Arredondo Rodriguez v. United States*, No. 2:22-cv-02845-JLS (C.D. Cal.); *B.A.D.J. v. United States*, No. 2:21-cv-00215 (D. Ariz.); *C.D.A. v. United States*, No. 5:21-cv-00469 (E.D. Pa.); *C.M. - D.V. v. United States*, No. 5:21-cv-00234 (W.D. Tex.); *D.J.C.V. v. United States*, No. 1:20-cv-05747 (S.D.N.Y.); *E.L.A. v. United States*, No. 2:20-cv-1524 (W.D. Wash); *E.S.M. v. United States*, No. 4:21-cv-00029 (D. Ariz.); *F.R. v. United States*, No. 2:21-cv-00339 (D. Ariz.); *Fuentes-Ortega v. United States*, No. 2:22-cv-0449 (D. Ariz.); *J.P. v. United States*, No. 2:22-cv-00683 (D. Ariz.); *K.O. v. United States*, No. 1:20-cv-12015 (D. Mass); *Nunez Euceda v. United States*, No. 2:20-cv-10793 (C.D. Cal.); *R.Y.M.R. v. United States*, No. 1:20-cv-23598 (S.D. Fla.); *S.E.B.M. v. United States*, No. 1:21-cv-00095 (D.N.M.); *W.P.V. v. United States*, No. 1:21-cv-04436 (S.D.N.Y.); *A.I.I.L. v. Sessions et al.*, No. 4:19-cv-00481-SHR (D. Ariz.).

**11. Relief Sought**

Plaintiffs' Complaint seeks the following relief: compensatory damages, punitive damages, attorney's fees and costs, and "[s]uch other and further relief as the Court deems just."

**12. Settlement and ADR**

In 2021, the government engaged in negotiations to globally settle district court cases and

pending administrative tort claims arising from family separations at the U.S.-Mexico border. Neither the Plaintiffs in this case nor their counsel were part of those negotiations. No settlement was reached.

In their Rule 26(f) conference, the parties discussed ADR and agreed that it is premature to pursue an ADR option at this time. The parties agreed that they would exchange disclosures and pursue discovery before engaging in any further ADR discussions. The parties will file their respective ADR Certifications prior to the initial case management conference.

**13. Consent to Magistrate for All Purposes**

The parties have consented to magistrate jurisdiction.

**14. Other References**

None.

**15. Narrowing of Issues**

The parties agreed to meet and confer as necessary to narrow the issues in the case.

**16. Expedited Trial Procedure**

None suggested at this time.

**17. Scheduling**

The parties have discussed and agreed – subject to the Court's availability and discretion – upon the discovery and dispositive motions schedule listed in the table below:

| Event | Proposed Deadlines |
| --- | --- |
| Exchange of Initial Disclosures | July 1, 2022 |
| Completion of 90-Day Disclosure Period | September 12, 2022 |
| Close of Fact Discovery | June 9, 2023 |
| Initial Expert Disclosures | June 30, 2023 |
| Rebuttal Expert Disclosures | July 28, 2023 |
| Close of Expert Discovery | August 25, 2023 |
| Filing of Summary Judgment Motions | September 29, 2023 |
| Filing of Summary Judgment Oppositions | October 27, 2023 |

| Filing of Replies in Support of Summary Judgment Motions | November 17, 2023 |
|---|---|
| Hearing on Summary Judgment Motions | December 7, 2023 |

The parties have different proposals for pre-trial and trial scheduling.

**Plaintiffs' proposal**: Plaintiffs believe that a pre-trial conference and trial should be scheduled now. Setting a date certain now will allow the parties, witnesses, and counsel to hold trial availability and will facilitate the expeditious resolution of this litigation, which involves children plaintiffs. Plaintiffs would schedule the **pre-trial conference on February 28, 2024** and the **first day of trial on March 11, 2024**. Plaintiffs estimate that trial will take between 6-8 court days and will update this estimate, if needed, at subsequent CMCs. Defendant proposes to defer setting trial until after any summary judgment motion is resolved. Defendant's proposal would inject uncertainty and delay into this case, which is already nearly a year old. If the Court and parties do not schedule a trial until Defendant's proposed January 24, 2024 case management conference, it may be challenging to schedule a prompt trial date, thus unnecessarily prolonging the case.

**Defendant's proposal**: Defendant believes it is premature to discuss a trial date, including the number of days required for trial, given the significant scope of national, regional and local discovery in this case (none of which has been exchanged yet), the potential number of trial witnesses (unknown given the early nature of this case), and the number of legal issues, claims and defenses that could be at issue in a trial (the breadth of which was underscored in the parties' briefings on Defendant's motion to dismiss earlier this year). With the parties agreed-upon hearing on summary judgment motions scheduled for December 7, 2023 and the impending holidays, Defendant anticipates that the Court's decision may not come until January 2024 – a matter of weeks before Plaintiffs' proposed pre-trial conference (which entails extensive negotiation of pretrial statements, evidentiary submissions and motion practice before then) and Plaintiffs' proposed March trial date. Defendant thus specifically proposes that the Court should set a **case management trial scheduling conference to take place on January 24, 2024**, wherein if this case proceeds past summary judgment, the parties and the Court shall discuss (1) what issues, if any, will remain for trial and (2) a pretrial schedule tied to a specific trial date

JOINT INITIAL CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE 4:21-CV-4457-KAW                    9

in the spring of 2024 that works for the Court's schedule and the schedule for trial counsel. Defendant's proposal will not inject uncertainty and delay into this case; rather it allows for expedient resolution of this matter in a way that is more consistent with judicial economy and preservation of resources.

**18. Trial**

Plaintiffs and Defendant agree that claims brought under the FTCA are tried by the Court. Plaintiffs and Defendant set forth their proposals regarding pre-trial and trial scheduling under Section 17.

**19. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff is unaware of any non-party interested entities or persons.

Defendant is exempt from this requirement as a federal government entity.

**20. Professional Conduct**

The parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution**

None.

DATED: June 7, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Kenneth W. Brakebill*[1]
KENNETH W. BRAKEBILL
Assistant United States Attorney
Attorneys for Defendant


KEKER, VAN NEST & PETERS LLP

*/s/ Travis Silva*
BROOK DOOLEY
TRAVIS SILVA
CHRISTOPHER S. SUN
Attorneys for Plaintiffs

---

[1] In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.

JOINT INITIAL CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE 4:21-CV-4457-KAW               10

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA

*/s/ Bree Bernwanger*
BREE BERNWANGER
Attorneys for Plaintiffs

# [PROPOSED] ORDER

Pursuant to Stipulation, and good cause appearing, IT IS SO ORDERED that the above JOINT CASE MANAGEMENT STATEMENT and the below discovery and dispositive motion schedule is approved as the Case Management Order for this case and all parties shall comply with its provisions.

| Event | Proposed Deadlines |
|---|---|
| Exchange of Initial Disclosures | July 1, 2022 |
| Completion of 90-Day Disclosure Period | September 12, 2022 |
| Close of Fact Discovery | June 9, 2023 |
| Initial Expert Disclosures | June 30, 2023 |
| Rebuttal Expert Disclosures | July 28, 2023 |
| Close of Expert Discovery | August 25, 2023 |
| Filing of Summary Judgment Motions | September 29, 2023 |
| Filing of Summary Judgment Oppositions | October 27, 2023 |
| Filing of Replies in Support of Summary Judgment Motions | November 17, 2023 |
| Hearing on Summary Judgment Motions | December 7, 2023 |

The Court further ORDERS that:

[PLAINTIFFS' PROPOSAL—the Pre-Trial Conference shall be set for February 28, 2024 at 1:30 PM and the first day of trial shall be set for March 11, 2024 at 9:00 A.M.]

[DEFENDANT'S PROPOSAL—a Case Management Trial Scheduling Conference shall be set for January 24, 2024 at 1:30 PM, wherein if this case proceeds past summary judgment, the parties and the Court shall discuss (1) what issues, if any, remain for trial and (2) a pretrial schedule tied to a specific trial date in the spring of 2024 that works for the Court's schedule and the schedule for trial counsel.]

Dated: _____

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge