UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VIKY SARAI FLORES BENITEZ, ET AL,: <br> Plaintiffs, | CIVIL ACTION NO. <br> 3:22cv884 (JCH) |
| v. | |
| STEPHEN MILLER, ET AL <br> Defendants. | DECEMBER 2, 2022 |

SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN

The following dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed.R.Civ.P.1:

**Discovery:** The government is to produce the common discovery that was produced in A.P.F. and C.M., consistent with the protective orders issued in those cases by **JANUARY 3, 2023**. In ordering the production, the court does not impose any condition stating that this will be the extent of common discovery.

Plaintiffs may begin requesting plaintiff-specific discovery with answers due by the government by **MARCH 31, 2023**.

Initial disclosures are due by **MARCH 31, 2023**.

Pending before the court is the defendant's Motion to Dismiss (Doc. No. 35). In the event the court denies the Motion to Dismiss, within seven days of the date of the ruling, the parties are to contact Chambers to request a scheduling conference regarding any further discovery requests and remaining case management deadlines.

**Joint Status Reports of Counsel**: A joint status report of counsel will be submitted on or before **MARCH 1, 2023**. The report must address the matters that are relevant to the case at the time and include, inter alia, a detailed description of the

1

discovery conducted up to the date of the report, the current deadlines, and any amendments to pleadings or dispositive motions contemplated. Joint status reports of counsel addressing those matters will be submitted every 90 days thereafter until the matter is resolved. If a motion for summary judgment has been filed, or the case is set for trial, no further status reports are required.

**Extensions of Time**: All dates set forth in this Order are firm and will be extended only for good cause. The good cause standard requires a particularized showing that, despite due diligence, the party seeking the extension could not comply with this order. Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor. A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order.

Counsel will provide their clients with a copy of this order.

**SO ORDERED**.

Dated at New Haven, Connecticut this 2nd day of December 2022.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

## ADDENDUM - PRETRIAL ORDER

Counsel for the parties shall jointly submit, in one continuous document signed by all counsel, a final pretrial memorandum (in compliance with Local Rule 6 of Civil Procedures and the Standing Order Regarding Trial Memoranda in Civil Cases incorporated in the Local Rules of Civil Procedure and modified hereby).

1. TRIAL COUNSEL: Counsel shall list the names, addresses and telephone numbers of the attorneys who will try the case. Counsel trying the case must attend the pretrial conference, unless excused by the court. Requests to be excused should be made no later than 72 hours before the conference.

2. JURISDICTION: Counsel shall set forth the basis for federal jurisdiction.

3. JURY/NON-JURY: Counsel shall state whether the case is to be tried to a jury or to the court.

4. LENGTH OF TRIAL: Counsel shall set forth a realistic estimate of trial days required, including an estimate of time for plaintiff s presentation (including cross-examination of its witnesses), and the defendant s presentation (including cross-examination of its witnesses).

5. FURTHER PROCEEDINGS: Counsel shall specify, with reasons, the necessity of any further proceedings prior to trial.

6. NATURE OF CASE: Counsel for each party shall separately state the nature of each cause of action asserted by each party and the relief sought.

The parties shall set forth:

a. all parties and all claims alleged in the complaint, being sure to specify who asserts which claim(s) against whom;

      b.      the claims that will be pursued at trial.  Identify all prior action in the case that has resulted in the dismissal or withdrawal of any claim(s) or party(ies) (e.g. May 1, 2000, Ruling on Motion for Summary Judgment:  Count II (false arrest) dismissed, Count IV (municipal liability) dismissed and City defendant dismissed.))  If plaintiff intends not to pursue certain claims at trial, identify these claims as well.

      c.      the defenses that will be pursued at trial, specifically noting any special defenses and to what count they relate.

      d.      an agreed, brief joint statement of the case that may be read to the jury.

      7.      TRIAL BY MAGISTRATE JUDGE:  Counsel shall indicate whether their clients consent to a trial by a Magistrate Judge.  If they do, a Consent Form should be submitted with the Pretrial Memorandum.

      8.      LIST OF WITNESSES:  Counsel shall set forth the name and address of each witness to be called at trial, including a brief summary of the anticipated testimony.  The list of witnesses should be divided into those witnesses the party will definitely call, and those witnesses it might call.  Witnesses not included in this list -- except those used for unanticipated rebuttal or impeachment -- shall not be permitted to testify at trial, except for extraordinary good cause shown.

For each expert witness a party shall file with the court, at least five (5) days prior to the pretrial conference, a biographical sketch and a statement of the area of the witness' expertise, each opinion to be expressed, a brief summary of the basis of each opinion, and a list of the materials on which the witness intends to rely.  A copy of the Rule 26 disclosure for any expert expected to testify at trial shall be provided as part of the pretrial compliance.

9.  DEPOSITION TESTIMONY:  Counsel shall list each witness who is expected to testify by deposition at trial.  Such list shall include designation by page references of the deposition transcript which each party proposes to read into evidence.  Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4).  The lists shall include all objections to deposition designations.  A marked-up version of the deposition transcript should also be submitted [blue for plaintiff(s); red for defendant(s)].  Any questions about this procedure should be directed, in a timely fashion, to the court's law clerk.

Counsel offering deposition testimony shall mark a copy of the deposition transcript, in the margin, to indicate the testimony to be offered.  Opposing counsel, using a different color ink, shall mark in the margin any objections, with citation to the Fed. R. Evid., as well as mark any further testimony opposing counsel wishes to offer; originating counsel shall then mark any objections to that cross-designated testimony.

After submission, the court will permit amendment of the deposition lists only for good cause shown.  At the time of trial, the Court will permit reading of testimony from a deposition only in the order in which it was taken.

10.  INTERROGATORIES/REQUESTS TO ADMIT.  Counsel shall list any interrogatories or request to admit, and answers thereto, specifying the appropriate portions thereof that any party intends to offer at trial as evidence for purposes other than impeachment or cross-examination.  Any objection to the introduction of any of the foregoing shall be filed with the court in writing, together with a citation of authorities in support of the specific ground of objection, no later than four (4) days

prior to the pretrial conference or such objection shall be deemed to have been waived.

      11.    EXHIBITS:  Attach a list of all exhibits, with a brief description of each, that each party will offer at trial on its case-in-chief.  Exhibits not listed, except unanticipated rebuttal and unanticipated impeachment exhibits, will not be admissible at trial except for good cause shown.  Plaintiff should number starting at 1; defendant should number starting at a point above where plaintiff's numbers will stop (e.g., 51 or 101 or 501 or 1001).  Counsel shall mark all exhibits numerically with exhibit tags.  Exhibits shall be separated by tabs and placed in a three-ring binder.  Copies of the actual exhibits shall be exchanged no later than seven (7) days prior to compliance with this Pretrial Order.

      Three (3) days prior to the pretrial conference, counsel shall submit to Judge Hall's Chambers, one complete paper copy of the exhibits for Judge Hall, and exhibits in electronic format, pursuant to Jury Evidence Recording System (JERS), for the Deputy Clerk.  Information on submission of electronic evidence can be found on the following link, http://ctd.uscourts.gov/jury-evidence-recording-system-jers.   This link can be accessed via the District of Connecticut website under "For Attorneys/Courtroom Technology/Jury Evidence Recording System (JERS)."   Any party wishing to be exempt from using the JERS system when presenting evidence during trial must file a motion to that effect simultaneously with the filing of the joint pretrial memorandum.

Failure to comply with these instructions will result in the exclusion of exhibits not listed or exchanged, unless the offering party can clearly demonstrate extreme prejudice would result.

Any objection to the admissibility of any exhibit, other than on the grounds of relevance, shall be noted in the pretrial compliance.  Any memorandum addressing exhibit evidentiary issues shall be filed with the court in writing at least three (3) days prior to the pretrial conference.  Any objections not made in this manner, except objections as to relevance, may be deemed waived, absent a showing of excusable neglect or extreme prejudice.

12.    ANTICIPATED EVIDENTIARY PROBLEMS:  Counsel shall identify in the pretrial compliance memorandum a list of any other evidentiary problems anticipated by any party, together with memoranda of fact and law addressing the same.

13.    MOTIONS IN LIMINE:  Counsel shall file separately, in conjunction with this final pretrial memorandum, all motions in limine together with memoranda of authorities in support.  A copy of any such motion shall be served on opposing counsel before the final pretrial memo is due.  The memorandum in opposition to a motion in limine shall be filed and served on opposing counsel not later than five (5) days before the pretrial conference, or 21 days after the Motion in Limine is filed, whichever is sooner.

Any objections to expert testimony under Rule 701, 702 or 703 shall be made in a motion in limine, with a supporting memorandum.  Failure to make such a motion will constitute a waiver of the objection.

14. GLOSSARY: If any party intends to present testimony or other evidence which will include medical or technical terms, the offering party shall file with the court, at least one (1) day prior to the pretrial conference, a glossary of such terms.

15. TRIAL TO COURT/JURY: Counsel for all parties shall confer in an effort to enter into a written stipulation of uncontroverted facts and into an agreed statement of the contested issues of fact and law, which stipulation and agreed statement will be set forth in the final pretrial memorandum. The stipulation of uncontroverted facts can be read to the jury, and no evidence shall be presented on the uncontested facts. If unable to stipulate to any facts, the parties shall so state. If unable to stipulate to an agreed statement of contested issues of fact and law, each party shall, to the extent there is not agreement, set forth its view of the contested issues of fact and law.

   a. Court: Counsel for each party shall submit proposed findings of fact and conclusions of law, citing relevant authority where appropriate, in hard copy and in Word format, saved on CD-ROM. Counsel are advised that the court does not, as a practice, request post-trial submissions.

   b. Jury:

      (1) Proposed Voir Dire Questions: Each counsel shall attach a list of questions it seeks to have asked of the jury panel.

      (2) Proposed Jury Instructions: Counsel shall attach requests for jury instructions, with appropriate statutory and/or case citations. They are not required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, unless the case presents an unusual situation

in such regard(s).  In addition to filing an original copy with the Clerk of the Court, counsel shall provide Chambers with a paper copy of the proposed jury instructions.

    (3) Jury Interrogatories:  Counsel shall attach a proposed form of jury interrogatories, if appropriate in this case.

  16. MANDATORY NOTICE RE: USE OF ELECTRONIC EQUIPMENT IN COURTROOM:   If any party intends to use electronic equipment in the presentment of evidence, or their case in general, notice must be given to the Deputy Clerk assigned to Judge Hall (Diahann Lewis) which notice must describe such use and the needs of the party, if any.  Further, counsel must represent that they are (or will be) familiar with, and skilled in, the use of such electronic equipment before the start of trial.