UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIKY SARAI FLORES BENITEZ,
ANA DELMI BENITEZ ALVARADO,
JAVIN BENIGNO SANTOS GALVEZ,
and J.S.R., a minor,

        *Plaintiffs,*

v.

STEPHEN MILLER, JEFFERSON B. SESSIONS,
KIRSTJEN NIELSEN, KEVIN McALEENAN, and
UNITED STATES OF AMERICA,

        *Defendants.*

Case No. 3:22-cv-00884 (JCH)

May 9, 2023

**PLAINTIFFS' MOTION FOR CLARIFICATION**

Plaintiffs hereby move that the Court clarify the Scheduling Order Regarding Case Management Plan (the "Scheduling Order"), ECF No. 44. Plaintiffs ask that the Scheduling Order be clarified to specify that the policy-level, general discovery related to the family separation policy referred to therein as "Common Discovery" includes the transcripts and videos of depositions of fifteen policy-related witnesses taken in *A.P.F. v. United States*, No. 20-cv-00065-PHX (D. Ariz.) and *C.M. v. United States*, No. 19-cv-05217-PHX (D. Ariz.) that are not specific to plaintiffs in those cases. These depositions were part of discovery in each of those cases, and therefore should be part of Common Discovery in this case. "[A] motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Metcalf v. Yale Univ.*, No. 15-CV-1696 (VAB), 2019 WL 1767411, at *2 (D. Conn. Jan. 4, 2019).

1

In the alternative, Plaintiffs move the Court to modify the Scheduling Order to require Defendant United States to produce the deposition videos and transcripts on a specified date.[1]

## I. PROCEDURAL HISTORY

On December 2, 2022, the Court entered the Scheduling Order, which effectively structured discovery in stages. The Scheduling Order stated that "[t]he government is to produce the common discovery that was produced in A.P.F. and C.M., consistent with the protective orders issued in those cases by JANUARY 3, 2023." Scheduling Order at 1.[2] The Scheduling Order further stated: "In ordering the production, the court does not impose any condition stating that this will be the extent of common discovery." *Id.* The Scheduling Order also requires that, if the Court denies Defendant United States' Motion to Dismiss, the parties are to contact chambers within seven days of the date of the ruling to request a scheduling conference regarding further discovery requests and case management deadlines. *See* ECF No. 44, at 1. During a conference on November 29, 2022, the Court suggested that a ruling on the motion to dismiss was likely by the end of March, and that if the motion were denied, Plaintiffs would be permitted further policy discovery thereafter. *See* ECF No. 62, at 28.

Pursuant to the Court's Order on the Motion for Stipulated Protective Order, ECF No. 53, and Order Regarding Production of Privileged Documents, ECF No. 54, Plaintiffs and Defendants are conducting discovery on the same terms as specified in the operative orders and protocols in *C.M.* and *A.P.F.* Following entry of those protective orders, Defendant United States produced

---

[1] The Court has the "inherent authority" to "modify or rescind its orders at any point prior to final judgment in a civil case." *Dietz v. Bouldin*, 579 U.S. 40, 46 (2016).
[2] The minute entry for the November 29, 2022 conference indicated that an interim scheduling order would be entered regarding the Joint 26(f) Report, ECF No. 42, and a further status conference would be scheduled in April 2023 if the Court denied the Motion to Dismiss. See ECF No. 43.

2

Common Discovery on January 6, 2023, and supplemented with an additional production on April 7, 2023. These productions did not include the fifteen requested transcripts.

On February 10, 2023, Plaintiffs propounded their first set of plaintiff-specific Requests for Production of Documents and Interrogatories on Defendant United States. Under the Scheduling Order, written responses to those discovery requests were due from Defendant United States by March 31, 2023. Plaintiffs agreed to Defendant United States' request for an extension to April 11, 2023, and then a second extension to April 18, 2023, which was met. Both parties served initial disclosures on March 31, 2023.

Plaintiffs seek production of the transcripts and videos of the policy-level depositions taken in *C.M.* and *A.P.F.*, which have been produced in at least two other family separation cases.[3] Plaintiffs first requested these transcripts in an email to Defendant United States dated February 10, 2023. During a phone call with Defendant United States on February 15, 2023, Defendant United States declined to produce the transcripts. The United States has stated that it will not produce these transcripts absent further order from this Court. *See* Joint Status Report, ECF No. 60, at 2.

II. **ARGUMENT**

The deposition transcripts and videos are part of policy-level discovery in *C.M.* and *A.P.F.* and are not specific to the plaintiffs in those cases, and thus are part of Common Discovery.

---

[3] *See E.S.M. v. United States*, No. 4:21-cv-00029 (D. Ariz.), ECF No. 54, at 7 ("The parties agree not to object to the use of the deposition transcripts and related videos of depositions taken in the C.M. and A.P.F. actions of the following individuals or organizations on the ground that the depositions were taken in a separate action (see Fed. R. Civ. P. 32(a)(8)): Matt Albence, John Bash, Michael Dougherty, Robert Guadian, Gene Hamilton, Mellissa Harper, Brian Hastings, Thomas Homan, Kevin McAleenan, Tracy Short, Tricia Swartz, Ronald Vitiello, Jonathan White, and Chad Wolf, and the 30(b)(6) deposition of the United States Department of Homeland Security (by and through James McCament)."); *A.I.I.L. v. Sessions*, No. 4:19-cv-00481 (D. Ariz.), ECF No. 110, at 7 ("As part of the MIDP process, Defendant produced to Plaintiffs the deposition transcripts of 15 'policy-related' witnesses in C.M. and A.P.F. Plaintiffs and Defendant agree not to object to the use of these 'policy-related' deposition transcripts in A.I.I.L. on the ground that the deposition was taken in an earlier action.").

3

Defendant United States has already produced these transcripts in other family separation cases. The depositions relate to nationwide family separation policies, not to the treatment of any specific plaintiff. The benefit to Plaintiffs—and to the Defendant United States—in not having to take (and defend) duplicative depositions of the same fifteen witnesses as part of plaintiff-specific discovery outweighs any possible burden on Defendant United States. Additionally, access to these transcripts and videos will likely narrow Plaintiffs' future discovery requests, ensuring efficiency for both parties moving forward.

For the foregoing reasons, Plaintiffs respectfully request that the Court clarify the Scheduling Order by stating that Common Discovery includes the fifteen deposition transcripts and videos at issue, or in the alternative that the Court modify the Scheduling Order to require the production of the fifteen deposition transcripts and videos by a date certain.

Dated: May 9, 2023

Respectfully submitted,

| **JENNER & BLOCK LLP** | **JEROME N. FRANK. LEGAL SVCS. ORG.** |
|---|---|
| /s/ _____ | /s/ Kirby Tyrrell _____ |
| Jacob D. Alderdice | Solveig Olson-Strom, Law Student Intern |
| Jeremy M. Creelan | Natasha Reifenberg, Law Student Intern |
| Remi Jaffre | Fernando Rojas, Law Student Intern |
| 1155 6th Ave | Tanveer Singh, Law Student Intern |
| New York, New York 10036 | Gabriela Torres-Lorenzotti, Law Student Intern* |
| Telephone: (212) 891-1600 | Theodore Watler, Law Student Intern* |
| jalderdice@jenner.com | Kirby Tyrrell, phv206703 |
| | Muneer I. Ahmad, ct28109 |
| Alyssa G. Bernstein | Michael J. Wishnie, ct27221 |
| 1099 New York Ave NW #900 | P.O. Box 902020 |
| Washington, District of Columbia 20001 | New Haven, CT 06520-9090 |
| Telephone: (202) 639-6000 | kirby.tyrrell@ylsclinics.org |
| abernstein@jenner.com | |

* Motion for law student appearance forthcoming.

4