UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIKY SARAI FLORES BENITEZ, | : | |
| ANA DELMI BENITEZ ALVARADO, | | |
| JAVIN BENIGNO SANTOS GALVEZ, | : | Civ. No. 3:22CV884(JCH) |
| and J.S.R., a minor, | | |
| | : | |
| Plaintiffs, | | |
| | : | |
| | | |
| v. | : | |
| | | |
| UNITED STATES OF AMERICA, | : | |
| | | |
| | : | |
| Defendant. | | MAY 24, 2023 |

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS'**
**MOTION FOR CLARIFICATION RE SCHEDULING ORDER**

Pursuant to this Court's Order dated May 11, 2023, and Rule 7, D. Conn. L. Civ. R., the

Defendant respectfully submits this Memorandum in Opposition to Plaintiffs' Motion for

Clarification, ECF No. 71.  Plaintiffs seek to expand the definition of "common discovery"

beyond its initial, consensus meaning to include transcripts of fifteen national policy depositions

taken in *C.M.* and *A.P.F.* (D. Ariz.), but it is too early in this case to address depositions,

regardless of whether they are policy-related or Plaintiff-specific.

**I.      Plaintiffs' Request is Premature**

The current approach to discovery is, as the Court stated on November 29, 2022, that

Plaintiffs would be permitted further policy discovery if and when the motion to dismiss is

denied.  Transcript, Telephone Status Conference, ECF No. 62 at 27-28 (attached).

Further, in the 26(f) Report, the parties disagreed about the number of depositions,

including policy-level depositions, and the effect that producing transcripts in lieu of depositions

would have.  Report of Parties' Planning Meeting, ECF No. 42 at 14-15.  At the November 2022

telephone status conference, Plaintiffs asked the Court to resolve these disputes and were advised

that the Court was "going to put that issue off."  ECF No. 62 at 31.  As the Court noted in its

subsequently issued Scheduling Order, these are questions to be addressed in the event the Court

denies the pending motion to dismiss.  Scheduling Order, ECF No. 44, at 1.

Thus, Plaintiffs' proposal that the scope of common discovery be expanded to include

deposition transcripts from another civil action is premature.  If the Court denies the pending

motion to dismiss, then the parties and the court can address the propriety and number of

depositions, both policy-level and Plaintiff-specific, and the role, if any, that producing the *C.M.*

and *A.P.F.* transcripts may have in replacing some or all of the policy depositions.

## II.      The Content of the Common Discovery Never Included Depositions or Deposition Transcripts

Plaintiffs make the novel proposal that "common discovery" includes deposition

transcripts and videos.  However, throughout the parties' discussion with the Court about early

discovery, it was never mentioned or contemplated that this first phase of discovery include

depositions or deposition transcripts.

In the first telephone status conference in October 2022, discussion was confined to a

body of documents stored in electronic format.  Transcript, ECF No. 61 (attached).  The Court's

subsequent question to Defendant was whether the United States objected to the "production of

documents," as discussed during the conference.  Minute Entry, ECF No. 27.  In response,

Defendant reported that it was willing to produce "the common discovery (all documents

produced to date that were not specific to the plaintiffs)" from *C.M.* and *A.P.F.*  Defendant's

Notice, ECF No. 31 at 1.

Accordingly, Plaintiffs themselves, when setting forth their position in the Rule 26(f) Report, defined "Common Discovery" to mean "all **documents** to date produced in *A.P.F. v. United States*, No. 20-cv-00065-PHX (D. Ariz.), and *C.M. v. United States*, No. 19-cv-05217-PHX (D. Ariz.) that are not specific to the plaintiffs in those cases."  ECF No. 42 at 9 (emphasis added).  Obviously, transcripts of depositions conducted in *C.M.* and *A.P.F.* are not "documents . . . produced" in those cases.  In its portion of the 26(f) Report, Defendant made clear that the common discovery consisted of "records" "documents" and "productions," with no mention of depositions or transcripts.  *Id.*

Plaintiffs note that the transcripts at issue have been produced in two similar civil actions in the District of Arizona, *E.S.M.* and *A.I.I.L.*  ECF No. 71 at 3 n.3 (citing Rule 26(f) Reports in both cases).  But this fact does not explain whether the transcripts should be produced at this stage in this case.  In both Arizona cases, the disclosure took place by agreement following the parties' negotiations regarding the entirety of discovery in those cases, a process this Court deliberately deferred until after the motion to dismiss is acted upon.[1]

Plaintiffs' portion of the 26(f) Report proposed that they be permitted to commence policy-level discovery 90 days after the production of the common discovery.  ECF No. 42 at 14.  Had this request been granted, then it would have been appropriate for the parties to discuss

---

[1]     Also, in *A.I.I.L.,* the disclosure took place pursuant to the parties' negotiation arising under that district's Mandatory Initial Discovery Pilot Project ("MIDP"), which superseded Rule 26(a) initial disclosures for cases filed between May 2017 and May 2020.  General Order 17-08 (D. Ariz.) available at https://www.azd.uscourts.gov/sites/default/files/general-orders/17-08.pdf. The Arizona MIDP required production of "written or recorded statements relevant to any party's claims or defenses," a standard that does not apply here. *Compare id*. *with* Fed. R. Civ. P. Rule 26(a)(1)(A)(ii).

whether to produce these deposition transcripts in this case.  However, in its orders issued after the November status conference, the Court permitted only the common discovery document production.  ECF Nos. 43 and 44; *see also* ECF No. 62 at 28 ("I'm talking now paper discovery").

The decision of whether to produce these transcripts should take into consideration (1) which claims survive the motion to dismiss, (2) policy discovery versus Plaintiff-specific discovery, (3) limitations on depositions, (4) preclusion of cumulative discovery, and (5) appropriate timing and deadlines.  Plaintiffs' unilateral attempt to bypass these considerations and make an end-run around the Court's approach to managing this case should be rejected.

For the foregoing reasons, Plaintiffs' motion should be denied.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Carolyn A. Ikari*
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street, Rm. 328
Hartford, Connecticut  06103
(860) 947-1101
Fed. Bar No. ct13437
carolyn.ikari@usdoj.gov

4