## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIKY SARAI FLORES BENITEZ, <br> ANA DELMI BENITEZ ALVARADO, <br> JAVIN BENIGNO SANTOS GALVEZ, <br> and J.S.R., a minor, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Civ. No. 3:22CV884(JCH) <br><br><br><br><br><br><br><br><br><br> SEPTEMBER 8, 2023 |

## **NOTICE**

At the September 6, 2023, scheduling conference, Plaintiffs expressed confusion that electronically stored information (ESI) remained forthcoming. As a result, the Court directed Defendant to file a copy of its RFP responses no later than noon today. Attached is a copy of Defendant's Objections and Responses to Plaintiffs' First Set of Requests for Production, dated April 18, 2023. Based on the parties' various discussions, Defendant's RFP responses, and the productions that have been made to date, Defendant was under the impression that Plaintiffs understood there was still outstanding ESI and that documents would be produced on a rolling basis. However, Defendant takes responsibility for any confusion regarding the timing of plaintiff-specific document production.

Defendant does wish to clarify that, over the past seven months, substantial efforts have been made towards producing responsive plaintiff-specific ESI: After producing 1,422 pages of documents to supplement the initial disclosures on April 16, 2023,[1] Defendant continued to work

---

[1] Plaintiffs produced zero pages to accompany their initial disclosures.

with its four client agencies on identifying, retrieving, processing, and reviewing the ESI requested by Plaintiffs. These efforts included bi-weekly status calls with the United States Attorney's Office to identify and address issues as they arose. Because the Defendant's client agencies immediately began working on searching for responsive ESI upon receipt of Plaintiffs' written discovery and since such efforts continued over the past seven months, **Defendant will be able to produce the results of its ESI searches to Plaintiffs by October 6, 2023 (30 days from the September 6, 2023 scheduling conference)**. Moreover, Defendant will make an initial production of materials no later than Friday, September 15, 2023, so Plaintiffs can begin reviewing this material next week.

To shed additional light on all the discovery work that has been performed by the Defendant since March of 2023, and to clear up any misconceptions regarding the continuous and ongoing work that has been, and continues to be, performed by Defendant's client agencies, the Defendant provides the following:

- Defendant and the client agencies immediately began the ESI process when Plaintiffs served their discovery requests on February 10, 2023.

- In February and March, 2023, Defendant and the client agencies collaborated to identify custodians, search terms, data platforms, and date ranges for the ESI searches. These were complicated discussions that were taking place at the same time Defendant was also gathering and preparing the initial disclosures.

- Client agencies dispatched the ESI searches to their respective information technology partners or contractors on March 16, March 20, March 30, and April 3, 2023.

- The first client agency received back its initial ESI dataset on April 18, 2023.

- At that point, Defendant and the client agencies began reviewing for responsiveness, confidentiality[2] and privileged material.

- Another agency received its first ESI dataset on April 20, 2023, consisting of approximately 2,000 documents.

- By June 12, 2023, another agency's ESI search returned approximately 1,000 documents. After de-duplication efforts and an initial review, about 541 documents were loaded into the agency's review platform.

- Throughout the summer, the client agencies continued their retrieval and review, while all the other e-discovery at those agencies competed for the same resources. In addition to torts, often this includes employment litigation, contract disputes, internal investigations and Congressional inquiries, this also included document searches in the other 41 family separation district court actions, many of which have more plaintiffs than this case.

- By the end of August, one of the client agencies had retrieved approximately 4,500 potentially responsive documents and had already reviewed three-quarters of these documents for responsiveness, confidentiality, and privilege redactions.

- Another agency further narrowed its 541 documents to about 350 after responsiveness review. The 350 documents are currently under attorney review for privilege and other issues.

- Another agency had retrieved and narrowed its ESI to fewer than 100 documents, the review and redaction of which is complete.

---

[2] Certain immigration records are confidential by statute. For example, applicants for immigration relief under the Violence Against Women Act are protected against agency disclosure of their information.

- Throughout this time, the attorneys for the client agencies and the U.S. Attorney's Office held regularly scheduled meetings every other week to discuss the ESI searches, among other matters. Defendant's counsel also met with one agency at a time regarding the ESI effort, as needed.

In summary, over the past seven months, Defendant and the client agencies have been continuously working towards producing plaintiff-specific ESI in this case, despite extreme intra-agency resource constraints and triaging related to the other 41 family separation district court actions. Because of the efforts to date, Defendant is poised to produce all plaintiff-specific ESI by October 6, 2023.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ Carolyn A. Ikari*
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street, Rm. 328
Hartford, Connecticut  06103
(860) 947-1101
Fed. Bar No. ct13437
carolyn.ikari@usdoj.gov