UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VIKY SARAI FLORES BENITEZ,           :
ANA DELMI BENITEZ ALVARADO,
JAVIN BENIGNO SANTOS GALVEZ,         :        Civ. No. 3:22CV884(JCH)
and J.S.R., a minor,
                                     :
            Plaintiffs,
                                     :
      v.                             :

UNITED STATES OF AMERICA,            :

            Defendant.               :        APRIL 18, 2023

**DEFENDANT'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

      Pursuant to Rule 34, Fed. R. Civ. P., Defendant responds to Plaintiff's First Set of
Requests for Production as follows:

      By providing responses to specific requests, Defendant does not concede that the requests
seek information that is relevant to a claim or defense in the above-captioned case, or that the
requests seek information that is proportional to the needs of the case.  Except for explicit facts
admitted herein, no general admission of any nature whatsoever is implied or should be inferred
from the United States' responses to these requests.


      **1.**    All documents identified in, referenced, or relied upon by Defendant in its
responses to Plaintiffs' First Set of Interrogatories to Defendant United States of America,
regardless of the document's date.

**Objections to RFP No. 1:**

      Defendant objects to this request as premature, since discovery is ongoing.
Defendant will supplement as discovery progresses in this case.

      Defendant objects to this request to the extent it seeks information that is protected
from disclosure by the attorney-client privilege, attorney-work-product doctrine,| the
deliberative process privilege, or law enforcement privilege.

**Response to RFP No. 1:**

      All documents referenced in the Responses to Interrogatories nos. 1 – 13 are
identified by Bates number.

**2.**     All documents or communications containing information about any Plaintiff's presence or placement in, or transfers between, a detention center, including but not limited to history logs, placement requests, resident commitment summaries, housing relocation forms, subject activity logs, resident activity logs, I-213s, Alien File ("A-File"), transportation logs, vehicle usage logs, and receiving and discharge checklists contained in any database.

**Objections to RFP No. 2**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents or communications containing information about any Plaintiff's presence or placement in, or transfers between, a detention center, regardless of whether said documents and communications are relevant to the specific claims and defenses at issue in this action.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the scope is not limited to, for each Plaintiff, the time period that Plaintiff was detained; that is, May 13, 2018, for Plaintiffs Flores Benitez and Benitez Alvarado, and June 11, 2018, for Plaintiffs J.S.R. and Santos Galvez.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it is duplicative of Defendant's initial disclosures, including, but not limited to, I-213s, subject activity logs, history logs, and A-file contents disclosed on March 31, 2023, and produced on April 16, 2023.

**Response to RFP No. 2**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, any additional non-privileged documents and communications in response to this request limited to April 1, 2018 to July 16, 2018.

**3.**     All documents or communications relating to a reasonable fear interview or credible fear interview in which any Plaintiff participated, including any request for an interview made by or on behalf of any Plaintiff and any notes, statements or reports regarding arranging, conducting, or deciding any Plaintiff's credible fear or reasonable fear interviews.

**Objections to RFP No. 3**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents or communications relating to a reasonable fear interview or credible fear interview in which any Plaintiff participated, regardless of whether said documents or communications are relevant to the specific claims and defenses at issue in this action.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018 (Plaintiffs' Definition #12) to July 16, 2018 (the date the Adult Plaintiffs were reunited with the Child Plaintiffs).

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it is duplicative of Defendant's initial disclosures, including, but not limited to, A-file contents disclosed on March 31, 2023, and produced on April 16, 2023.

**Response to RFP No. 3**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, non-privileged documents in response to this request limited to the period April 1, 2018 to July 16, 2018.

4.     All documents or communications containing information about either procedures and policies or aggregate information concerning actual practices (such as reports, data compilations or analyses, and evaluations) regarding the scheduling of reasonable fear interviews and credible fear interviews at any detention center or border patrol station where any Plaintiff was detained, processed, or interviewed, including but not limited to the South Texas Detention Facility, the Port Isabel Processing Center, the Port Isabel Detention Center, the McAllen Border Patrol Station, the Rio Grande Border Patrol Station, the Rio Grande Valley Centralized Processing Center, the Rio Grande Valley Combined Processing Center, the McAllen Border Patrol, the Noank Community Support Services Shelter, the La Salle County Regional Detention, including records or communications indicating the length of time in detention before detainees receive such interviews.

**Objections to RFP No. 4**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents or communications containing information about either procedures and policies or aggregate information concerning actual practices (such as reports, data compilations or analyses, and evaluations) regarding the scheduling of reasonable fear interviews and credible fear interviews, regardless of whether said documents or communications are relevant to the specific claims and defenses at issue in this action.  The scheduling of reasonable fear interviews and credible fear interviews has no relevance to the claims or defenses in this case.  The Complaint does not contain any allegation regarding any delay, timing irregularity, or other concern arising from the scheduling or length of time in detention before Plaintiffs' reasonable fear or credible fear interviews.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the scope is not limited to, for each Plaintiff, the time period and location at which that Plaintiff was detained.

3

Defendant objects on the ground that this is not a plaintiff-specific request, as permitted by the Court, but rather seeks all documents or communications containing information about either procedures and policies or aggregate information concerning actual practices (such as reports, data compilations or analyses, and evaluations) regarding the scheduling of reasonable fear interviews and credible fear interviews in any of multiple facilities, regardless of whether such documents or communications are relevant to any claim or defense in this case.

     **5.**    All documents or communications, including statements of policy, memoranda, guidelines, or other relevant agency advisory documents, regarding detention conditions, as defined above, at any of the detention centers at which any Plaintiff was detained.

**<u>Objections to RFP No. 5</u>**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents and communications  concerning detention conditions, although these documents and communications are not relevant to the specific claims and defenses at issue in this action.  In particular, the Complaint fails to plead any liability arising from detention conditions other than family separation.  Plaintiff's claims of intentional and negligent infliction of emotional distress ("NIED" and "IIED"), by their terms, are based on a theory of liability arising from family separation.  The only claim in this case in which detention conditions could be colorably relevant is the claim of Negligence, Compl. ¶¶ 231-234. However, although detention conditions are <u>mentioned</u> in the Complaint (frigid temperatures, aluminum blankets, sleeping on floor, etc.), no injury from non-separation detention conditions is alleged. Without injury from non-separation detention conditions, Negligence is not pleaded.  Accordingly, discovery concerning non-separation detention conditions is not relevant and not permitted under Rule 26(b)(1).

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the scope is not limited to, for each Plaintiff, the time period and location at which that Plaintiff was detained.

Defendant objects on the ground that this is not a plaintiff-specific request, as permitted by the Court, but rather seeks all documents or communications regarding detention conditions in any of multiple facilities, regardless of whether such documents or communications are relevant to any claim or defense in this case.

     **6.**    All documents or communications, including statements of policy, memoranda, guidelines, or other relevant agency advisory documents, regarding the encouragement of detainees to accept removal, at any of the detention centers at which any Plaintiff was detained.

**<u>Objections to RFP No. 6</u>**:

Defendant objects on the ground that the phrase "encouragement of detainees to

4

accept removal" is argumentative, inflammatory, and calls for speculation. Further, the phrase is vague, especially without regard to (1) the proponent of the "encouragement," e.g., Defendant, employees, contractors, detainees, NGOs, attorneys, etc., (2) the means of the "encouragement," e.g., written communications to detainees, notices, etc., and (3) what "accept removal" means, given that "[t]here is no difference in status for purposes of § 1326(a) between an alien who accepts removal without protest and one who contests the government's effort to return him to his home country." *United States v. Villalobos-Sandoval*, 162 F. App'x 607, 609 (7th Cir. 2006).  Accordingly, this request is overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents or communications, including statements of policy, memoranda, guidelines, or other relevant agency advisory documents, regarding the "encouragement of detainees to accept removal," at any of the detention centers at which any Plaintiff was detained, regardless of whether said documents or communications are relevant to the specific claims and defenses at issue in this action.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the scope is not limited to, for each Plaintiff, the time period and location at which that Plaintiff was detained.

Defendant objects on the ground that this is not a plaintiff-specific request, as permitted by the Court, but rather seeks all documents or communications regarding the "encouragement of detainees to accept removal," in any of multiple facilities, regardless of whether such documents or communications are relevant to any claim or defense in this case.

7.     All documents or communications documenting, discussing, analyzing, or referencing any conversation or meeting at any detention centers at which any Plaintiff was detained between any Plaintiff and any employee, official, contractor, or agent of Defendant.

**Objections to RFP No. 7**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents concerning any conversation or meeting at any detention centers at which any Plaintiff was detained between any Plaintiff and any employee, official, contractor, or agent of Defendant, regardless of whether said documents are relevant to the specific claims and defenses at issue in this action.

Defendant objects to this request on the ground that the term "conversation or meeting" is vague.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it is duplicative of material in Defendant's initial disclosures, including, but not limited to, A-file contents disclosed on March 31, 2023, and produced on April 16, 2023.

**Response to RFP No. 7**:

Subject to and without waiving the general and specific objections stated above, Defendant directs Plaintiffs to its objections and responses to RFP Nos. 14 and 21.

8.    All documents or communications referencing the terms "hielera," "perrera," "icehouse," "ice box," "dog house" or "doghouse" with regard to any of the detention centers at which any Plaintiff was detained.

**Objections to RFP No. 8**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks matter relating to detention conditions, although these documents are not relevant to the specific claims and defenses at issue in this action.  In particular, the Complaint fails to plead any liability arising from detention conditions other than family separation.  Plaintiff's claims of IIED and NIED, by their terms, are based on a theory of liability arising from family separation.  The only claim in this case in which detention conditions could be colorably relevant is the claim of Negligence, Compl. ¶¶ 231-234. However, although detention conditions are <u>mentioned</u> in the Complaint (frigid temperatures, aluminum blankets, sleeping on floor, etc.), no injury from non-separation detention conditions is alleged.  Without injury, Negligence is not pleaded.  Accordingly, discovery concerning non-separation detention conditions is not relevant and not permitted under Rule 26(b)(1).

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents or communications referencing the terms "hielera," "perrera," "icehouse," "ice box," "dog house" or "doghouse" with regard to any of the detention centers at which any Plaintiff was detained, regardless of whether said documents or communications are relevant to the specific claims and defenses at issue in this action.  For example, this request encompasses all complaints and communications by all detainees that use these terms with regard to the subject facility.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the scope is not limited to, for each Plaintiff, the time period and location at which that Plaintiff was detained.

Defendant objects on the ground that this is not a plaintiff-specific request, as permitted by the Court, but rather seeks all documents or communications containing the specified terms in any of multiple facilities, regardless of whether such documents or communications are relevant to any claim or defense in this case.

9.    All documents or communications referencing detention conditions of the United States or United States-contracted facilities in which Defendant detained each of the Plaintiffs.

6

**Objections to RFP No. 9**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents or communications referencing detention conditions of the United States or United States-contracted facilities in which Defendant detained each of the Plaintiffs, although these documents are not relevant to the specific claims and defenses at issue in this action.  In particular, the Complaint fails to plead any liability arising from detention conditions other than family separation.  Plaintiff's claims of IIED and NIED, by their terms, are based on a theory of liability arising from family separation.  The only claim in this case in which detention conditions could be colorably relevant is the claim of Negligence, Compl. ¶¶ 231-234.  However, although detention conditions are <u>mentioned</u> in the Complaint (frigid temperatures, aluminum blankets, sleeping on floor, etc.), no injury from non-separation detention conditions is alleged.  Without injury, Negligence is not pleaded.  Accordingly, discovery concerning non-separation detention conditions is not relevant and not permitted under Rule 26(b)(1).

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents or communications referencing detention conditions of the United States or United States-contracted facilities in which Defendant detained each of the Plaintiffs, a potentially enormous universe of material not relevant to the specific claims and defenses at issue in this action.  This request is without limitation to the type of document, where such documents are housed, or the context or purpose of the document. Moreover, this request encompasses all complaints and communications by all detainees concerning their detention conditions, and all ensuing documents, again, a potentially huge body of material not relevant to this case.  Furthermore, Plaintiffs' definition of "detention conditions" includes, but is not limited to, ten different subjects; thus, locating material referencing "detention conditions" is a massively expansive and disproportionate task in the context of this case.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the scope is not limited to, for each Plaintiff, the time period and location at which that Plaintiff was detained.

Defendant objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, attorney-work-product doctrine, the deliberative process privilege, the presidential communications privilege, the law enforcement privilege, or any other applicable privilege, protection, immunity, law, or rule.

Defendant objects on the ground that this is not a plaintiff-specific request, as permitted by the Court, but rather seeks documents referencing detention conditions in any of multiple facilities, regardless of whether such documents or communications are relevant to any claim or defense in this case.

    **10.**   Any Incident Statement, Incident Report, or any similar document produced or prepared by any DHS employee or contractor referencing any Plaintiff.

**Objections to RFP No. 10**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018 (Plaintiffs' Definition #12) to July 16, 2018 (the date the Adult Plaintiffs were reunited with the Child Plaintiffs, and the scope is not limited to specific DHS facilities at the time a Plaintiff was detained there.

Defendant objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, attorney-work-product doctrine, the deliberative process privilege, or the law enforcement privilege.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it is duplicative of Defendant's initial disclosures, including, but not limited to, A-file contents disclosed on March 31, 2023, and produced on April 16, 2023.

**Response to RFP No. 10**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, any additional, responsive non-privileged documents from April 1, 2018, to July 16, 2018.

**11.**   All Resident Information Request Forms submitted by any Plaintiff to any employee of Defendant or of Defendant's contractors.

**Objection to RFP No. 2**:

Defendant objects on the ground that the phrase "Resident Information Request Form" is vague and does not describe a document reasonably retrievable by Defendant.

**Response to RFP No. 11**:

Subject to and without waiving the general and specific objections stated above, after reasonable inquiry, Defendant responds as follows:  none.

**12.**   All medical records for Plaintiffs created between May 1, 2018 and July 13, 2018.

**Objections to RFP No. 12**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it is duplicative of Defendant's initial disclosures, including, but not limited to, material in the Unaccompanied Child case files for the minor Plaintiffs disclosed on March 31, 2023, and produced on April 16, 2023.

8

Defendant objects to this request to the extent the medical records are protected from disclosure by law.

Defendant objects to this request to the extent it encompasses any records or reports associated with the previous habeas litigation, *J.S.R., et al. v. Sessions*, Civ. No. 3:18-cv-01106-VAB (D. Conn.), as such material is equally available to Plaintiffs.  *See* Compl. ¶¶ 40-43, 74-79.

**Response to RFP No. 12**:

Subject to and without waiving the general and specific objections stated above, *see* Bates nos. DEF001148 – 1173, DEF001297, DEF001319-1324, and DEF001328-1334 of Defendant's initial disclosures, disclosed on March 31, 2023, and produced on April 16, 2023.   The Defendant will produce, on a rolling basis, any additional non-privileged documents in response to this request.


**13.**   All documents and communications concerning physical, medical, and psychological harms suffered by Plaintiffs as a result of their separation.

**Objections to RFP No. 13**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it is duplicative of Defendant's initial disclosures, including, but not limited to, material in the Unaccompanied Child case files for the minor Plaintiffs disclosed on March 31, 2023, and produced on April 16, 2023.

Defendant objects to this request to the extent medical records or physician-patient communications are protected from disclosure by law.

Defendant objects to this request to the extent it encompasses any records or reports associated with the previous habeas litigation, *J.S.R., et al. v. Sessions*, Civ. No. 3:18-cv-01106-VAB (D. Conn.), as such material is equally available to Plaintiffs.

**Response to RFP No. 13**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, any additional non-privileged documents in response to this request.

**14.**   All emails referencing any Plaintiff, whether by name, A-number, or otherwise.

**Objections to RFP No. 14**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all emails referencing any Plaintiff

regardless of whether said emails are relevant to the specific claims and defenses at issue in this action.

Moreover, as the Defendant has learned in other litigation regarding noncitizens, searching email by name is untenable. Because some names are very common – including the first and last surnames all four Plaintiffs – a name search returns a massive number of emails, the vast majority of which do not concern the desired specific individuals. Any email or document concerning the Plaintiffs would contain their A number. Accordingly, searching by name is expected to yield few or, more likely, no additional emails, and thus is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(B) (scope is ESI "reasonably accessible" due to alternative undue burden or cost).

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018, to July 16, 2018.

Defendant objects to this request to the extent it encompasses any email concerning the litigation of Plaintiffs' previous habeas action, *J.S.R., et al. v. Sessions*, Civ. No. 3:18-cv-01106-VAB (D. Conn.), as nearly all the emails concerning the conduct of the litigation will be attorney work-product or attorney-client privileged.

Defendant objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, attorney-work-product doctrine, the deliberative process privilege, or the law enforcement privilege.

**Response to RFP No. 14**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, non-privileged documents in response to this request limited to April 1, 2018, to July 16, 2018, retrieved pursuant to a reasonable search, that is, emails that are "reasonably accessible" without undue burden or cost. *See* Fed. R. Civ. P. 26(b)(2)(B).

**15.** All documents and communications regarding the separation of Ms. Benitez Alvarado from Viky and Mr. Santos Galvez from J.S.R. including but not limited to the designation of Child Plaintiffs as UACs while in USBP custody, and communication or notes surrounding choice of ORR facility, travel route, and transfer to such facility.

**Objections to RFP No. 15**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it is duplicative of Defendant's initial disclosures, including, but not limited to, A-file contents disclosed on March 31, 2023, and produced on April 16, 2023.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018

(Plaintiffs' Definition #12) to July 16, 2018 (the date the Adult Plaintiffs were reunited with the Child Plaintiffs).

Defendant objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, attorney-work-product doctrine, the deliberative process privilege, or the law enforcement privilege.

**Response to RFP No. 15**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, non-privileged documents from April 1, 2018 to July 16, 2018, in response to this request.

**16.**   All documents and communications regarding ORR placement of Child Plaintiffs after being separated from a parent while in USBP custody, including but not limited to each Child Plaintiff's ORR custody records.

**Objections to RFP No. 16**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case in that it is duplicative of Defendant's initial disclosures, including, but not limited to, in the Unaccompanied Child case files for the minor Plaintiffs disclosed on March 31, 2023, and produced on April 16, 2023.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018, to July 16, 2018 (the date of family reunification).

Defendant objects to this request to the extent it encompasses documents or communications concerning the litigation of Plaintiffs' previous habeas action, *J.S.R., et al. v. Sessions*, Civ. No. 3:18-cv-01106-VAB (D. Conn.), as nearly all the documents and communications concerning the conduct of the litigation will be attorney work-product or attorney-client privileged.

Defendant objects to this request on the ground that the phrase "ORR custody records" is vague; but notes that the entirety of the Unaccompanied Child case files for the minor Plaintiffs have been produced to Plaintiffs.

**Response to RFP No. 16**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, any additional non-privileged documents from April 1, 2018, to July 16, 2018, in response to this request.

**17.**   All records of any communication between Child Plaintiffs and Adult Plaintiffs after separation.

11

**Objections to RFP No. 17**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018, to July 16, 2018 (the date of family reunification).

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it is duplicative of Defendant's initial disclosures, which include records reflecting such communications between Adult Plaintiffs and Child Plaintiffs, disclosed on March 31, 2023, and produced to Plaintiffs on April 16, 2023.

**Response to RFP No. 17**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, any additional non-privileged documents from April 1, 2018, to July 16, 2018, in response to this request.

18.   All documents and communications related to any inspection of any detention center at which any Plaintiff was held that took place during the time period any Plaintiff was held there, including the results of such inspections or any reports or findings arising out of such inspections.

**Objections to RFP No. 18**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents and communications concerning detention conditions, although these documents and communications are not relevant to the specific claims and defenses at issue in this action.  In particular, the Complaint fails to plead any liability arising from detention conditions other than family separation.  Plaintiff's claims of NIED and IIED, by their terms, are based on a theory of liability arising from family separation.  The only claim in this case in which detention conditions could be colorably relevant is the claim of Negligence, Compl. ¶¶ 231-234.  However, although detention conditions are <u>mentioned</u> in the Complaint (frigid temperatures, aluminum blankets, sleeping on floor, etc.), no injury from non-separation detention conditions is alleged.  Without injury from non-separation detention conditions, Negligence is not pleaded.  Accordingly, discovery concerning non-separation detention conditions is not relevant and not permitted under Rule 26(b)(1).

Defendant objects on the ground that this is not a plaintiff-specific request, as permitted by the Court, but rather seeks facility inspection documents for any of multiple facilities, regardless of whether such documents are relevant to any claim or defense in this case.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the scope is not limited to, for each Plaintiff, the time period and location at which that Plaintiff was detained.

      **19.**   All documents and communications relating to prosecution charges and court records for each Adult Plaintiff.

**Objections to RFP No. 19**:

      Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018 (Plaintiff's Definition no. 12) to July 16, 2018 (date of reunification).  Records relating to any earlier (such as Plaintiff Santos Galvez's 2007 prosecution) or later court records are not relevant to any claim or defense in this case.

      Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it is duplicative of Defendant's initial disclosures, which include documents concerning the criminal prosecution of the Adult Plaintiffs, which were disclosed on March 31, 2023, and produced to Plaintiffs on April 16, 2023.

      Defendant objects on the ground that "court records" is vague, and construes the term as set forth below.

**Response to RFP No. 19**:

      Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, any additional non-privileged documents and communications relating to prosecution charges and court records in federal district court in the Southern District of Texas concerning the Adult Plaintiffs from April 1, 2018, to July 16, 2018.

      **20.**   All audio or video recordings created or produced at a detention center in the areas where any Plaintiff was held, during the time period any Plaintiff was held there.

**Objections to RFP No. 20**:

      Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks recording reflecting detention conditions, although these recordings are not relevant to the specific claims and defenses at issue in this action.  In particular, the Complaint fails to plead any liability arising from detention conditions other than family separation.  Plaintiff's claims of NIED and IIED, by their terms, are based on a theory of liability arising from family separation.  The only claim in this case in which detention conditions could be colorably relevant is the claim of Negligence, Compl. ¶¶ 231-234.  However, although detention conditions are <u>mentioned</u> in the Complaint (frigid temperatures, aluminum blankets, sleeping on floor, etc.), no injury from non-separation detention conditions is alleged.  Without injury from non-separation detention conditions, Negligence is not pleaded.  Accordingly, discovery concerning non-separation detention conditions is not relevant and not permitted under Rule 26(b)(1).

Defendant objects on the ground that this is not a plaintiff-specific request, as permitted by the Court, but rather seeks recordings of any of multiple facilities, regardless of whether such documents are relevant to any claim or defense in this case.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all audio or video recordings created or produced at a detention center in the areas where any Plaintiff was held, during the time period any Plaintiff was held there, regardless of whether said recordings are relevant to the specific claims and defenses at issue in this action.

Defendant objects to this request on the ground such recordings are protected from disclosure by the Privacy Act, that is, to the extent it seeks any recorded statement of any detainee contained in a system of records retrieved by the detainee's name or A number.

21.   Documents sufficient to identify all government employees that interacted with Adult Plaintiffs and Child Plaintiffs, including but not limited to USBP, CBP, U.S. Marshals, ICE, HHS, DHS, and ORR employees.

**Objections to RFP No. 21**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks to identify all government employees who interacted with Adult Plaintiffs and Child Plaintiffs, including but not limited to USBP, CBP, U.S. Marshals, ICE, HHS, DHS, and ORR employees, regardless of whether said identifying documents are relevant to the specific claims and defenses at issue in this action.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent that it is duplicative of Defendant's initial disclosures, including, but not limited to, A-file contents disclosed on March 31, 2023, and produced on April 16, 2023.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018 (Plaintiff's Definition no. 12) to July 16, 2018 (date of reunification).

**Response to RFP No. 21**:

Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, any additional non-privileged documents from April 1, 2018, to July 16, 2018, in response to this request.

22.   All documents and communications that are stored in CBP's databases that refer to or relate to any Plaintiff, including but not limited to documents stored under "Criminal Complaints," "Subject Documents," and "Reference Library" for each Plaintiff.

**Objections to RFP No. 22**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018 (Plaintiff's Definition no. 12) to July 16, 2018 (date of reunification).

Defendant objects to this request to the extent it seeks information that is protected from disclosure by attorney-work-product doctrine or law enforcement privilege.

**Response to RFP No. 22**:

Subject to and without waiving the general and specific objections stated above, the Defendant responds as follows:

*See* e3 tabs, produced in Defendant's initial disclosures, served on April 16, 2023.

Defendant will produce, on a rolling basis, any additional non-privileged documents from April 1, 2018, to July 16, 2018, in response to this request.

**23.** All documents and communications relating to Defendant's decision to release Adult Plaintiffs from detention, release Child Plaintiffs from ORR custody, and reunite Plaintiffs.

**Objections to RFP No. 23**:

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks all documents and communications relating to Defendant's decision to release Adult Plaintiffs from detention, release Child Plaintiffs from ORR custody, and reunite Plaintiffs, regardless of whether said documents and communications are relevant to the specific claims and defenses at issue in this action. In particular, the search, retrieval, and privilege review effort regarding all such documents and communications is not proportional to the needs of the case, since it is undisputed that these decisions were made in conjunction with Plaintiffs' 2018 habeas action. *See* Compl. ¶¶ 95-98.

Defendant objects to this request to the extent it seeks information that is protected from disclosure by the attorney-client privilege, attorney-work-product doctrine, the deliberative process privilege, and law enforcement privilege.

Defendant objects to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that the time period is not limited to April 1, 2018 (Plaintiff's Definition no. 12) to July 16, 2018 (date of reunification).

**Response to RFP No. 23**:

     Subject to and without waiving the general and specific objections stated above, the Defendant will produce, on a rolling basis, non-privileged documents in response to this request limited to April 1, 2018, to July 16, 2018, pursuant to a reasonable search.

                        Respectfully submitted,

                        VANESSA ROBERTS AVERY
                        UNITED STATES ATTORNEY

                        */s/ Carolyn A. Ikari*
                        CAROLYN A. IKARI
                        ASSISTANT U.S. ATTORNEY
                        450 Main Street, Rm. 328
                        Hartford, Connecticut  06103
                        (860) 947-1101
                        Fed. Bar No. ct13437
                        carolyn.ikari@usdoj.gov

Certificate of Service

     I hereby certify that on April 18, 2023, the foregoing Defendant's Objections And Responses to Plaintiffs' First Set Of Requests for Production were sent via email to

     Professor Muneer Ahmad

     Jerome N. Frank Legal Services Organization

     Yale Law School

     127 Wall Street

     New Haven, CT 06511

     at

     muneer.ahmad@ylsclinics.org

     and

     jsr-vfb@mailman.yale.edu.

                        */s/ Carolyn A. Ikari*
                        CAROLYN A. IKARI
                        ASSISTANT U.S. ATTORNEY

16