UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIKY SARAI FLORES BENITEZ, | : | |
| ANA DELMI BENITEZ ALVARADO, | : | |
| JAVIN BENIGNO SANTOS GALVEZ, | : | Civ. No. 3:22CV884(JCH) |
| and J.S.R., a minor, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | September 26, 2023 |

ANSWER AND AFFIRMATIVE DEFENSES[1]

**Introduction**

1.      Defendant admits that in May 2018, Benitez Alvarado was transported to Brownsville
        Border Patrol Station in Olmito, Texas, while Flores Benitez was transported Rio Grande
        Valley Sector Centralized Processing Center (RGV CPC).  Defendant further admits that
        in June 2018, Santos Galvez entered U.S. Immigration and Customs Enforcement (ICE)
        custody at the South Texas Processing Center in Pearsall, Texas, while the individual
        believed to be J.S.R. remained at the RGV CPC.  Defendant further admits that Flores
        Benitez and the individual believed to be J.S.R. were later transferred to Office of
        Refugee Resettlement (ORR) custody, and placed in Noank Community Support Services
        in Connecticut.  The remaining allegations are denied.

2.      Defendant denies these allegations.

3.      Defendant admits that Defendant arrested Benitez Alvarado and Flores Benitez.  The
        remaining allegations in this paragraph are denied.

4.      Defendant admits that Defendant arrested Santos Galvez and the individual believed to be
        J.S.R.  The remaining allegations are denied.

---

[1]To the extent Plaintiffs' allegations relate to or reference the identities, ages,
relationships, and nationalities of Plaintiff J.S.R., those allegations are denied on the ground that
Defendant lacks information sufficient to form a belief as to the allegations because J.S.R. is
proceeding pseudonymously.  Admissions or denials, in full or in part, of such allegations are
qualified that the United States is answering based on its belief, but lack of certainty, as to the
identity of J.S.R.

5.     Defendant admits that Flores Benitez (in May 2018) and the individual believed to be J.S.R. (in June 2018) were transferred to ORR custody, and placed in Noank Community Support Services in Connecticut.  The remaining allegations are denied.

6.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

7.     The allegations in this paragraph concern a habeas petition that speaks for itself, including with respect to the allegations in the petition and the relief requested therein, and no response to this paragraph is required.  To the extent a response is required, the allegation is denied.

8.     The allegations in this paragraph concern a court ruling that speaks for itself, and no response is required.

9.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

10.    Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

11.    Defendant denies this allegation.

12.    The allegations that Defendant is liable under the Federal Tort Claims Act is a legal conclusion to which no response is required.  Defendant denies the remaining allegations in this paragraph.

13.    Defendant denies these allegations.

**Jurisdiction and Venue**

14.    The allegation that this Court has jurisdiction is not a statement of fact but a conclusion of law to which no response is required.  To the extent a response is required, Defendant denies this allegation.

15.    The allegation that venue is proper in this District under 28 U.S.C. § 1402(b) is not a statement of fact but a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations concerning the residences of the plaintiffs and therefore denies the allegation.

**Parties**

16.    Defendant admits that on or about May 16, 2018, Benitez Alvarado was transported to Brownsville Border Patrol Station in Olmito, Texas, while Flores Benitez was transported to the RGVCPC.  Defendant further admits that the allegations regarding the age and country of origin of Flores Benitez comport with government records.  The defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

17.    Defendant admits that on or about May 16, 2018, Benitez Alvarado was transported to Brownsville Border Patrol Station in Olmito, Texas, while Flores Benitez was transported to the  RGV CPC.  Defendant further admits that the allegations regarding the age and country of origin of Benitez Alvarado comport with government records.  The defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

18.    Defendant admits that in June 2018, Santos Galvez entered ICE custody at the South Texas Processing Center in Pearsall, Texas, while J.S.R. remained at the RGV CPC. Defendant further admits that the allegations regarding the age and country of origin of J.S.R. comport with government records.  The defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

19.    Defendant admits that in June 2018, Santos Galvez entered ICE custody at the South Texas Processing Center in Pearsall, Texas, while J.S.R. remained at the RGV CPC. Defendant further admits that the allegations regarding the age and country of origin of Santos Galvez comport with government records.  The defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

20.    Defendant admits the nature of this lawsuit, but the allegation that the actions of government employees were tortious is a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies this allegation.

**Statement of Facts**

21.    Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

22.    Defendant admits that on May 13, 2018, a border patrol agent encountered Benitez Alvarado and Flores Benitez in the Rio Grande Valley and detained them.  The defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

23.     Defendant denies these allegations.

24.     Defendant admits that upon their arrest, Defendant transported Benitez Alvarado to Brownsville Border Patrol Station and Flores Benitez to the RGV CPC.  Defendant further admits that government records indicate that Flores Benitez was an unaccompanied juvenile and refers to the Zero Tolerance directive.  The remaining allegations are denied.

25.     Defendant admits that on or around May 16, 2018, Benitez Alvarado was interviewed. Defendant denies the remaining allegations.

26.     Defendant denies this allegation.

27.     Defendant denies this allegation.

28.     Defendant denies these allegations.

29.     Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

30.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

31.     Defendant admits that Flores Benitez was transferred to ORR custody, and placed in Noank Community Support Services shelter on or around May 16, 2018.

32.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

33.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

34.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

35.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

36.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

37.  Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph regarding what Noank staff did or did not do, and therefore denies them.

38.  Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

39.  The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

40.  Defendant denies this allegation.

41.  The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

42.  The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

43.  The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

44.  The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

45.  Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

46.  Defendant admits that on June 8, 2018, Benitez Alvarado was transferred to La Salle County Regional Detention Center in Encinal Texas and that on July 9, 2018, she was transferred to the South Texas Processing Center in Pearsall, Texas.

47.  Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

48.     Defendant denies this allegation.

49.     Defendant denies these allegations.

50.     Defendant denies these allegations.

51.     Defendant denies these allegations.

52.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

53.     Defendant denies the first sentence of paragraph 53.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

54.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

55.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

56.     Defendant denies any mistreatment of Benitez Alvarado.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

57.     Defendant admits that the allegations regarding the age and country of origin of Santos Galvez comport with government records.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them, except that Defendant admits that Santos Galvez previously was removed from the United States.

58.     Defendant admits that the allegations regarding the age and country of origin of J.S.R. comport with government records.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

59.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

60.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

61.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

62.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

63.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

64.   Defendant admits that Santos Galvez and the individual believed to be J.S.R. were arrested after crossing the border into the United States.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

65.   Defendant admits that Santos Galvez and the individual believed to be J.S.R. were detained.  The allegations concerning the conditions of their detention are denied, and Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

66.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

67.   Defendant denies these allegations.

68.   Defendant denies these allegations.

69.   Defendant denies this allegation.

70.   Defendant denies this allegation.

71.   Defendant denies that government officials overseeing detention did nothing to comfort those in distress.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

72.   Defendant admits that on or about June 16, 2018, the individual believed to be J.S.R. was placed in the care of Noank.  Defendant denies the remaining allegations.

73.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

74.   Defendant denies this allegation.

75.   Defendant denies this allegation.

76.   Defendant denies this allegation.

77.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

78.   Defendant denies this allegation.

79.   Defendant admits that the individual believed to be J.S.R. and Santos Galvez spoke on or about June 27, 2018.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

80.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

81.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

82.   The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

83.   The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

84.   The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

85.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

86.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

87.   Defendant admits that on or around July 2, 2018, J.S.R. filed a federal habeas petition. Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

88.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

89.   The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

90.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

91.   Defendant admits that Santos Galvez remained in Texas while J.S.R. was placed at Noank.  Defendant denies the remaining allegations.

92.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

93.   Defendant admits that Santos Galvez was referred for prosecution in federal court. Defendant further admits that Santos Galvez was initially processed for reinstatement of a prior order of removal and that Santos Galvez was transferred to Port Isabel Service Processing Center (SPC) in Los Fresnos, Texas, on June 21, 2018.  Defendant denies the remaining allegations.

94.   Defendant denies that any inaccurate information was conveyed.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

95.   Defendant denies that a mistake was made or acknowledged.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

96.   Defendant admits that Santos Galvez was transferred to the South Texas ICE Processing Center in Pearsall, Texas.  Defendant denies the remaining allegations.

97.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

98.     The allegations in this paragraph concern records that speak for themselves, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

99.     Defendant admits that Santos Galvez was transferred to Port Isabel SPC on June 21, 2018, and remained in custody there for about fourteen days.  Defendant denies that Santos Galvez was transferred to Port Isabel SPC more than once.  Defendant further denies that Santos Galvez was "shipped" anywhere or that Santos Galvez was without any information regarding the individual believed to be J.S.R. while detained at Port Isabel SPC.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

100.    Defendant admits that other telephone calls and videoconferences took place.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

101.    Defendant admits this allegation.

102.    The allegations in this paragraph concern a court ruling that speaks for itself, and no response is required.

103.    The allegations in this paragraph concern a court ruling that speaks for itself, and no response is required.

104.    Defendant admits that following the court's ruling, Santos Galvez and Benitez Alvarado were released from ICE custody and the individual believed to be J.S.R. and Flores Benitez left Noank.  Defendant lacks knowledge and information sufficient to respond to the remaining allegations in this paragraph and therefore denies them.

105.    Defendant denies this allegation.

106.    The allegations in this paragraph concern a memorandum that speaks for itself, and no response is required.

107.    The allegations in this paragraph concern the contents of an Office of the Inspector General (OIG) report that speaks for itself, and no response is required.

108.    Defendant admits that on April 6, 2018, the Attorney General issued a Memorandum for Federal Prosecutors Along the Southwest Border called "Zero-Tolerance for Offenses under 8 U.S.C. § 1325(a)."  Defendant denies the remaining allegations in this paragraph.

109.    The allegations in this paragraph concern a memorandum that speaks for itself, and no response is required.

110.    Defendant denies this allegation.

111.    Defendant admits that the 2021 DOJ OIG report describes meetings among government officials in early 2018 as well as memoranda.  Defendant denies the remaining allegations in this paragraph.

112.    The allegations in this paragraph concern a memorandum that speaks for itself, and no response is required.

113.    The allegations in this paragraph concern a press release that speaks for itself, and no response is required.

114.    Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

115.    Defendant admits that following the issuance of the DHS Secretary's May 4, 2018 memorandum, some parents and children who entered along the Southwest Border were separated following the decision to initiate the prosecution referral process.  Defendant denies the remaining allegations in this paragraph.

116.    The allegations in this paragraph concern a memorandum that speaks for itself, and no response is required.

117.    Defendant admits that if the prosecution referral process were initiated, parents and children would then be separated and the families could remain separated while the adults were detained by ICE pending removal proceedings, regardless of whether the adult was actually prosecuted for a federal crime.  Defendant denies the remaining allegations in this paragraph.

118.    Defendant denies this allegation.

119.    The allegations in this paragraph concern emails that speak for themselves, and no response is required.

120.    The allegations in this paragraph concern an email that speaks for itself, and no response is required.

121.    Defendant denies this allegation.

122.    Defendant denies this allegation.

123.    The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

124.    The allegations in this paragraph concern an interview that speaks for itself, and no response is required.

125.    The allegations in this paragraph concern an interview that speaks for itself, and no response is required.

126.    The allegations in this paragraph concern congressional testimony that speaks for itself, and no response is required.

127.    The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

128.    The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

129.    The allegations in this paragraph contain a legal conclusion, and no response is required.

130.    The allegations in this paragraph concern congressional testimony that speaks for itself, and no response is required.

131.    Defendant denies this allegation.

132.    Defendant admits that in situations where adult individuals were incarcerated, unaccompanied children were referred to ORR as required under the law.  Defendant denies the remaining allegations.

133.    The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

134.    The allegations in this paragraph concern congressional testimony that speaks for itself, and no response is required.

135.    Defendant denies this allegation.

136.    The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

137.   The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

138.   The allegations in this paragraph concern an email that speaks for itself, and no response is required.

139.   The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

140.   The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

141.   The allegations in this paragraph concern the contents of an announcement and report that speak for themselves, and no response is required.

142.   Defendant denies this allegation.

143.   Defendant denies these allegations.

144.   The allegations in this paragraph concern the contents of a report that speaks for itself, and no response is required.

145.   The allegations in this paragraph concern Congressional testimony and emails that speak for themselves, and no response is required.

146.   Defendant denies this allegation.

147.   Defendant denies these allegations.

148.   Defendant denies these allegations.

149.   The allegations in this paragraph concern the contents of a settlement agreement that speaks for itself, and no response is required.

150.   The allegations in this paragraph concern the contents of a settlement agreement that speaks for itself, and no response is required.

151.   The allegations in this paragraph concern the contents of emails that speak for themselves, and no response is required.

152.   Defendant denies these allegations.

153.   The allegations in this paragraph concern a complaint in litigation that speaks for itself, and no response is required.

154.   Defendant admits that a September 2019 HHS OIG report concerning mental health needs of children in HHS custody observed that, according to mental health clinicians and program directors, some children experienced additional trauma after they arrived in the United States, and some children faced additional trauma when they were unexpectedly separated from a parent. Defendant denies the remaining allegations of this paragraph.

155.   Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

156.   Defendant denies this allegation.

157.   The allegations in this paragraph concern a statement that speaks for itself, and no response is required.  To the extent a response is required, Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

158.   The allegations in this paragraph concern a complaint that speaks for itself, and no response is required.

159.   Defendant admits that DHS is unaware that it has conducted any study of the medical or psychological effect the separations could have on children or parents.  Defendant otherwise lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

160.   The allegations in this paragraph concern a letter that speaks for itself, and no response is required.

161.   The allegations in this paragraph concern congressional statements that speak for themselves, and no response is required.

162.   Defendant denies this allegation.

163.   The allegations in this paragraph concern a letter that speaks for itself, and no response is required.

164.   The allegations in this paragraph concern a statement that speaks for itself, and no response is required.

165.     The allegations in this paragraph concern a report that speaks for itself, and no response is required.

166.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

167.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

168.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

169.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

170.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

171.     Defendant lacks knowledge and information sufficient to respond to the allegations in this paragraph and therefore denies them.

172.     This allegation contains a conclusion of law to which no response is required.

173.     Defendant admits this allegation.

174.     Defendant admits these allegations.

175.     Defendant admits this allegation.

### Claims

176.     Defendant's responses to the previous paragraphs are incorporated by reference.

177.     This allegation contains a statement of law to which no response is required.

178.     This allegation contains a statement of law to which no response is required.

179.     Defendant denies these allegations.

180.     Defendant denies this allegation.

181.     Defendant denies this allegation.

182.    This allegation contains a statement of law to which no response is required.

183.    Defendant denies these allegations.

184.    Defendant denies these allegations.

185.    Defendant admits that at various times, DHS and HHS officials had custody over Plaintiffs.  Defendant denies the remaining allegations.

186.    Defendant denies this allegation.

187.    Defendant denies this allegation.

188.    This allegation contains a statement of law to which no response is required.

189.    Defendant admits that at various times, DHS and HHS officials had custody over Plaintiffs.  Defendant denies the remaining allegations.

190.    Defendant denies this allegation.

191.    Defendant denies this allegation.

192.    This allegation contains a statement of law to which no response is required.

193.    This allegation contains a statement of law to which no response is required.

194.    Defendant denies these allegations.

195.    Defendant denies this allegation.

196.    Defendant denies this allegation.

**Prayer for Relief**

A.     This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

B.     This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

C.     This paragraph sets forth Plaintiffs' prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the requested relief.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.  28 U.S.C. § 2680(a).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they are based on the execution of federal statutes or regulations. 28 U.S.C. § 2680(a).

### THIRD AFFIRMATIVE DEFENSE

Under the Federal Tort Claims Act, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent they are based on misrepresentations. 28 U.S.C. § 2680(h).

### FIFTH AFFIRMATIVE DEFENSE

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability must be apportioned or any judgment reduced as set forth under applicable state law.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

EIGHTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over Plaintiffs' claims.

NINTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

TENTH AFFIRMATIVE DEFENSE

Plaintiffs' recover, if any, is limited by Federal and applicable state law.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims.  28 U.S.C. § 2675(b).  To the extent Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, those set forth in a timely and properly filed administrative tort claim, Plaintiffs have failed to exhaust administrative remedies, and the court lacks subject matter jurisdiction to consider such claims.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover punitive damages, non-monetary damages, or prejudgment interest under the Federal Tort Claims Act.  28 U.S.C. § 2674.

THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the court renders a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

*/s/ John W. Larson (ct28797)*
JOHN W. LARSON
CAROLYN A. IKARI
ASSISTANT U.S. ATTORNEY
450 Main Street, Rm. 328
Hartford, Connecticut  06103
(860) 947-1101
john.larson@usdoj.gov